WINDHAM,
*February,*
1841.

Aldrich
*v.*
Williams &
Clark.

---

AARON ALDRICH *v.* WM. H. WILLIAMS and SAMUEL CLARK.

The creditors of an insane person, under guardianship, have no lien upon the estate of such ward, nor any right to bring suit upon the bond against the guardian, for any default on his part. The only remedy in such case is by action in the name of the ward, if restored, or of a subsequent guardian, if not restored.

SCIRE FACIAS, by the plaintiff as a creditor of one Daniel T. Aldrich, a *non compos*, or an insane person, setting forth additional breaches of the condition of a probate bond given by the defendant, Williams, as guardian of said Daniel T. Aldrich, and by the defendant, Clark, as surety, upon which bond a suit had been previously brought by Josiah Taft, a subsequent guardian of said Daniel T., in the name of the

WINDHAM,
February,
1841.

Aldrich
*v.*
Williams &
Clark.

probate court, and judgment rendered against the defendants for the penalty of the bond.

The defendants pleaded three pleas in bar.

Issue was joined upon the first plea, to the country.

The plaintiff replied to the second plea, and to that replication the defendants demurred, and the plaintiff demurred to the third plea.

The county court decided that plaintiff's replication to the second plea was sufficient, and that the defendants' third plea was insufficient, to which decisions the defendants excepted.

There were, also, exceptions taken by the defendants, on the trial of the issue of fact, but, as the only question decided in this court related to the right of the plaintiff, as a creditor of said Daniel T. Aldrich, to maintain this action, it is not necessary to state the substance of the pleadings, nor the matters excepted to on the trial by the jury.

After argument by Keyes and Kellogg for defendants, and Wm. C. Bradley for plaintiff,

The opinion of the court was delivered by

REDFIELD, J.—This is an action upon the bond of the guardian of a person distracted and *non compos mentis*. It is instituted at the suit of the plaintiff, who claims to prosecute as creditor to the ward. The pleadings are multifarious and somewhat extended, but as one branch ends in demurrer to the plaintiff's replication, this brings in question the sufficiency of the declaration, as well as all the other pleadings. The court have found the other portions of pleading anomalous and unsatisfactory, but they consider this must have been the result of an original misconception in regard to the action itself.

This error is one into which both parties seem equally to have fallen in the outset. And, taking their departure from a false position, it is not wonderful that their subsequent observations have but served to bewilder and delude them. As the court consider the action wholly misconceived, it is only necessary to examine the sufficiency of the declaration.

The action seems to have been instituted upon the supposition that the bond of the guardian, in this case, was intended to secure the rights of creditors, in the same manner as

the bonds of executors and administrators are. But this is not the fact. The ward is not dead. No *lien* upon his estate is created in favor of creditors. They may still sue and attach his property. There is no provision in the old statute, under which these proceedings were had, that the creditors shall be entitled to a *pro rata* allowance out of the property of the ward. The object of the bond, in this case, is to secure the ward, and the right of action is, by express statute, given to the ward after he shall be relieved from the guardianship. If he is not restored a new guardian may be appointed, as in the present case. The only remedy, then, is by action, either in the name of the guardian or ward, and this after the former guardian shall have been called to account in the probate court. The object of the bond, in this case, is to secure to the ward, who is still recognized as the person in interest, first, faithful guardianship, and secondly, the payment to him or his subsequent guardian of the balance which shall be ultimately found in his hands, on rendering his account before the probate court. The creditors, although they have an incidental interest in the security afforded by the bond, have no such direct interest as will entitle them to interfere in the proceedings. The opinion of this court is, then, that this proceeding is wholly without foundation. The technical judgment is, that the judgment of the county court be reversed, and judgment that the plaintiff's replication is insufficient, and that he ought to be barred of his suit, and that the defendants recover their costs.