DWIGHT H. HICKS *vs.* GEORGE L. CHAPMAN & Trustees.

A claim against a spendthrift under guardianship may be enforced by a trustee process, and the creditor is not confined to a suit upon the guardian's bond.

If real estate of a spendthrift is orally leased by his guardian, with nothing in the terms of the contract to show specially that it was the personal contract of the guardian, the rent due may be attached for the ward's debts by a trustee process.

CHAPMAN, J. The plaintiff has obtained a judgment against the defendant, who is a spendthrift under guardianship, and contends that he has also a right to charge the trustees upon their answer. His judgment is for the amount of a debt due from the defendant to him, and the trustees admit that they hired of the guardians a tenement belonging to the ward, and owe them for one quarter's rent. The plaintiff has an adequate remedy under our statutes, Gen. Sts. *c.* 109, to recover the amount of his judgment, by an action against the guardians on their bond. *Conant* v. *Kendall,* 21 Pick. 36. *Cole* v. *Eaton,* 8 Cush. 587. The guardians who defend this action contend that this remedy is exclusive, and they also contend that the rent due from the trustees is due to them and not to the ward.

But we cannot regard the remedy by action upon the bond as exclusive, for § 20 of the chapter cited above provides that a guardian may appoint an appraiser of real estate on execution either against or in favor of his ward. This implies that the creditor may take execution upon his judgment, and levy it upon the real estate of the ward, if he has any. In *Thacher* v. *Dinsmore,* 5 Mass. 299, it is said that the ward's property may be taken on execution; and in *Ex parte Leighton,* 14 Mass. 207, it was held that his body might be taken. Indeed, if the creditor may take execution at all it must be in the usual form, there being no provision to the contrary; and, when issued, an officer may execute it according to the precept.

The provisions of *c.* 142 respecting trustee process are general, and contain no exception in favor of persons under guardianship; and since the real and personal estate of the debtor is al. liable to be levied upon, there seems to be no good reason why

his goods and estate in the hands of a trustee should not also be liable. If the legislature had intended to limit the creditor's remedy to an action against the guardian upon his bond, the obvious method would have been to prohibit the issue of an execution upon the judgment. If it be suggested that a guardian needs the property, in order that he may be able to make a *pro rata* distribution of it among the ward's creditors in case there is not sufficient to pay them in full, the answer is, that there is no occasion to place an insolvent debtor under guardianship as a spendthrift in order to prevent him from wasting his estate; and, if there were occasion for it, the exemption should be extended to all his property. If then this debt is to be regarded as the property of the ward, there is no reason why it should not be subject to attachment by trustee process.

But it is contended that the debt is due to the guardians, and not to the ward, and is so far their property as to be exempt from this process. In order to determine this point, it is necessary to consider the nature of their office. It is created by statute, and is in some respects unlike the office of guardian as it has existed by the common law in England. Guardians are not, like executors, administrators or trustees, invested with a legal title to the property which is placed under their care; but they have a naked power, not coupled with an interest. The debts of the ward remain his, so that, though he has no power to pay them, yet he, and not the guardians, must be sued upon them. *Brown* v. *Chase*, 4 Mass. 436. If they defend actions brought against him, they must defend in his name and not in their own. If they bring actions, it must be in his name and not in their own, and the judgment is in his name. The proper discharge of their duties does not require them to subject themselves to any personal litigation or liability for costs. It is true that they may make contracts in their own names, and such contracts bind themselves, but do not bind either the ward or his estate. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Forster* v. *Fuller* 6 Mass. 58. *Jones* v. *Brewer*, 1 Pick. 314. *Whiting* v. *Dewey* 15 Pick. 428. *Spring* v. *Woodworth*, 4 Allen, 326. After their discharge or death, neither the ward, if discharged from

guardianship, nor the successor of the guardians, becomes a party to such contracts.

It is true that they are not strictly the agents of the ward when they act in his name. Their power is derived from the Commonwealth; its authority being delegated to the judge of probate. He appoints the guardians; they give bond to him and are accountable to him. Their liability to him is very strict; and the ward is so powerless that his consent is no excuse for any mismanagement on their part. *Harding* v. *Larned,* 4 Allen, 426. Their power over the property entirely supersedes that of the ward, his capacity being taken away by statute and conferred upon the guardians. *Manson* v. *Felton,* 13 Pick. 206. They have the control and management of his property. They may rent his real estate in their own names, so as to bind the lessee to them personally, and themselves personally to the lessee. On such a letting it follows from the principles above stated that they must sue and be sued in their own names; but they cannot in such a case be said to exercise a mere authority not coupled with an interest. They involve themselves in personal liabilities without necessity, by making such a contract. As it must be a contract on which they and their executors or administrators must sue and be sued in case of their resignation or death, it tends to create embarrassment. For these reasons their lease of the ward's lands ought not to be construed as a personal contract, so as to vest the property of the rents in them, if it can fairly be construed as a contract which does not vest any interest in themselves.

The answer of the trustees in this case is not very definite in this respect. The language of it is simply that they " hired of the said guardians rooms belonging to the estate of said Chapman for one hundred and twenty-five dollars a year, payable quarterly; and that at the time of the service of the process one quarter's rent was due by said contract with said guardians." A majority of the court are of opinion that this is to be so interpreted as to import that they have exercised an authority not coupled with an interest, in making the lease, so that in case of their discharge or death it may be enforced by their successors

in office, or by the ward in case of his discharge from guardian-ship, and not by themselves or their executors or administrators. Being a contract of this character, the result is, that the rent is legally due to the ward, although he is incapable of doing any act in respect to it, and is his property in the hands of the trustees, so as to be subject to this process.          *Trustees charged.*

*S. T. Field*, for the plaintiff, besides cases cited in the opinion, cited *Aldrich* v. *Williams*, 13 Verm. 373; *Hutchins* v. *Dresser*, 26 Maine, 76; *Tenney* v. *Evans*, 11 N. H. 346; *Carrique* v. *Sidebottom*, 3 Met. 297.

*D. Aiken*, for the trustees.