NICHOLAS G. LYNCH *vs.* SEWARD DODGE.

Middlesex.   Jan. 11. — Feb. 25, 1881.   COLT & FIELD, JJ., absent.

The indorsing of a promissory note by a spendthrift under guardianship conveys
no title in the note to the indorsee, although no copy of the complaint for the
appointment of a guardian is filed in the registry of deeds, as provided by the
Gen. Sts. *c.* 109, § 10.

CONTRACT upon a promissory note for $90, dated July 12,
1875, payable in one year after date to the order of J. P. Mc-
Vey, signed by the defendant, and indorsed by McVey to the
plaintiff.   The answer set up, among other defences, that, at
the time McVey indorsed the note, he was under guardianship
as a spendthrift.

At the trial in the Superior Court, before *Pitman*, J., it ap-
peared from the testimony of the plaintiff that he took the note
in suit for the purpose of suing on it for the benefit of McVey,
the indorser, who was proved to have been under guardianship
as a spendthrift at the time of the indorsement; but no copy of
the complaint was ever filed in the registry of deeds.

The defendant requested the judge to instruct the jury that,
upon this state of facts, the plaintiff could not maintain his ac-
tion.   But the judge declined so to rule.   The jury returned a
verdict for the plaintiff; and the defendant alleged exceptions.

*W. Hobson*, for the defendant.

*M. F. Farrell*, for the plaintiff.

SOULE, J.   The purpose for which spendthrifts are put under
guardianship is indicated by the provision of the statute author-
izing the complaint to the Probate Court, which is the first step
in the proceedings, to be made by the mayor and aldermen or
the selectmen of the city or town of which such spendthrift is
an inhabitant or resident, or upon which he is or may become
chargeable.   The purpose is to take away from him the power
to expend and dispose of his estate, to the end that neither he
nor his family shall become a public charge.   The fact being
established that he has the characteristics which constitute a
spendthrift, he is, in the interest of the public welfare, put in
person and property into the same position with those who are
incompetent, by reason of mental weakness, to manage their own

affairs. The guardian of the spendthrift, like the guardian of an insane person, has the custody of the person of his ward and the management of all his estate. Gen. Sts. *c.* 109, §§ 9, 12. In order that the guardianship be of any practical value, it is essential that the ward be powerless to make contracts which shall bind him or his estate, and the consequence of the appointment of a guardian of a spendthrift is that, from the time of the appointment, the ward ceases to be *sui juris*, except so far as contracts for necessaries are concerned, and is unable otherwise to deal with any part of his estate. The provision of § 10, that " the complainants under the preceding section may cause a copy of the complaint, with the order of notice, to be filed in the registry of deeds for the county or district; and if a guardian is appointed upon such complaint, all contracts, except for necessaries, and all gifts, sales or transfers of real or personal estate, made by the spendthrift after such filing of the complaint and order, and before the termination of the guardianship, shall be void," is not intended to affect the rights or powers of the spendthrift after the appointment, because every result stated in the section follows as of course from the fact of the guardianship, immediately on the guardianship being judicially established. The purpose of the section is merely to cause the incapacity of the ward which results from the guardianship to relate to the date of the filing of the copy of the complaint and order, which is thereby made constructive notice to all the world of the pending and possible result of the proceedings. The successive statutes disabling a spendthrift from making transfers of property pending the proceedings for the appointment of a guardian over him, have all been treated by this court as designed to create a similar disability during the pendency of the proceedings to that which would result by virtue of the guardianship when adjudicated without those statutes. *Smith* v. *Spooner*, 3 Pick. 229. *Chandler* v. *Simmons*, 97 Mass. 508.

This being so, it follows that the act of the payee of the note sued on, in indorsing it to the plaintiff while under guardianship, was void, and failed to convey the title to the note. The principle is the same with that involved in the case of *Manson* v. *Felton*, 13 Pick. 206, where it was held that a spendthrift under guardianship is not competent, by an acknowledgment of

and promise to pay a debt, to take it out of the operation of the statute of limitations; and in *Chandler* v. *Simmons, ubi supra,* where it was held that a ratification by a sealed instrument, by an adult, of a conveyance made by him when a minor, is a contract which is void if executed after a copy of a complaint to put him under guardianship as a spendthrift, and of the ordei of notice thereon, has been filed in the registry of deeds, and a guardian appointed by the Probate Court, and while an appeal was pending in this court which afterward resulted in a decree affirming the appointment.

We are of opinion, therefore, that the judge of the Superior Court erred in refusing to instruct the jury that, as the plaintiff took the note from the spendthrift after the appointment of a guardian over him, he could not maintain his action.

*Exceptions sustained.*