BERNARD F. MURPHY, administrator, *vs.* PATRICK J. DUANE.

Middlesex.    March 11, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract*, Implied. *Evidence*, Competency. *Guardian*. *Minor*. *Practice, Civil*, Parties.

At the hearing by a judge without a jury of an action by an administrator with a will annexed for money alleged to have been had and received by the defendant to the plaintiff's use, it appeared that the defendant, who was described in the writ only in his individual capacity, had been guardian of one of the legatees under the will who was a minor, and that the defendant had received from the plaintiff $1,400, a sum $1.56 in excess of what was due the ward, that $15.96 of this was retained by him in payment of an account between himself and the plaintiff, and that the balance was actually received by him as guardian for the legatee. *Held*, that a finding was warranted that there was no overpayment to the guardian.

At the hearing of the action above described, an assignment by another legatee to a third person, which was honored by the plaintiff and upon which a sum was paid by the plaintiff which proportionately diminished the amount due to the ward of the defendant, properly was admitted in evidence.

At the hearing above described, the final account of the defendant as guardian for his ward, which, after the ward became of age and before the bringing of the action, was allowed by the Probate Court, properly was admitted in evidence.

A minor during guardianship, and not his guardian, is the proper party in actions concerning his title or estate; and, after his minority terminates and he comes into possession of personal property formerly in the possession of his guardian, one who claims title thereto in whole or in part must sue him and not his former guardian.

CONTRACT, by the administrator with the will annexed of

Thomas McDonough, late of Waltham, against Patrick J. Duane individually, with a declaration in three counts, all for money alleged to have been had and received by the defendant to the plaintiff's use, the first count being for $360, the second for $200 and the third for $160. Writ in the Second District Court of Eastern Middlesex dated November 8, 1919.

On appeal to the Superior Court, the action was heard by *Sanderson,* J., without a jury. Material evidence is described in the opinion. Material requests of the plaintiff and the rulings of the judge thereon were as follows:

" 2. If the court finds as a matter of fact, that the defendant paid this money over to his ward, with the further fact, that the said ward has since reached his majority, and said defendant has filed his first and final account in said guardianship, and had the same allowed by Probate Court, this court must still find that that is no defence to the defendant in this action, and order a verdict for the plaintiff." The judge ruled that the filing and allowance of a final account as guardian was not a defence but declined to order a verdict.

" 3. If the court finds that the defendant received and cashed this check of $200 which was given him by John J. Flynn, Esquire, as a deposit on the Thomas McDonough property which was about to be sold by the plaintiff as administrator with the will annexed of said estate, and that the defendant did not turn over the same to said administrator, or account to him for the same, then the court must find as a matter of law that the defendant owes the plaintiff the sum of $200 for money had and received to the plaintiff's use, and order a verdict for the plaintiff under his second count in his declaration." The judge found that the defendant did account to the plaintiff for this $200 and for that reason denied this request.

" 4. If the court is satisfied that the shares of each of the three persons entitled thereto (after paying Bessie Been her $5) viz: the widow, Mary E. McDonough and Albert McDonough, amounted to $1,040 and if the court further believes that the defendant received in addition to the check of $200 given him by John J. Flynn, Esquire, as a deposit, a further check of $1,200 from the administrator with the will annexed, then the court must rule as a matter of law that the plaintiff is entitled to recover upon his

third count in said declaration, and order a verdict for the plaintiff upon said third count." The judge stated that he did not find that Mary E. McDonough was entitled to $1,040, and that this request therefore was denied.

" 5. As a matter of law the court should upon all the evidence and the law, order a verdict for the plaintiff upon his first count, which embraces the second and third unitedly." The request was denied.

" 6. As a matter of law the court should order a verdict for the plaintiff upon all the evidence and law, upon his second and third count severally." This request was denied.

The judge found for the defendant; and the plaintiff alleged exceptions.

*B. F. Murphy,* for the plaintiff.

*G. M. Poland,* for the defendant.

BRALEY, J. The plaintiff is the administrator with the will annexed of Thomas McDonough, who left no assets except real property which under a license from the Court of Probate was sold for $3,500. The administrator also received $23.40 "from an insurance policy" making the total amount $3,523.40 for which he was chargeable, and after deducting debts and expenses of administration there remained for distribution $3,143.64. By his will the testator after a legacy of "five dollars" to his daughter Bessie Been, devised all his estate in equal shares to his daughter Mary E. McDonough, now by marriage Mary E. Mangini, and his son Albert McDonough, a minor, subject however to the following condition: " In the event of my said daughter Mary E. McDonough entering the married state it is my will and I hereby give bequeath and devise all my real estate to my said son Albert McDonough, said daughter Mary E. McDonough to receive in lieu of said real estate the sum of five hundred dollars." The daughter having married after the death of her father, and the real property having been converted into money, Albert, if nothing further appeared, would be entitled to $3,143.46 less the legacies to Bessie and Mary. *Thissell* v. *Schillinger,* 186 Mass. 180. *Renwick* v. *Macomber,* 225 Mass. 380. *Bartlett* v. *Moore,* 233 Mass. 481. But the widow, who waived her rights under the will, having received as her distributive share $1,040.02 the balance coming to Albert would be $1,598.44. The plaintiff however having paid

to the assignee under Mary's assignment $700, as stated in the record and shown by his final account which has been duly allowed, and to the defendant as guardian of Albert $1,400, sues to recover back $360 of this amount, upon the ground as he testified that the payment to the guardian was made by mistake. We find no explanation in the record why the payment to the assignee was in excess of the legacy, but whatever the circumstances may have been the defendant apparently does not question its validity; nor is it material. If allowed, the amount still due Albert would be $1,398.44. It appears that the defendant actually received for his ward $1,384.04, for he testified and the judge could find, that the difference of $15.96 was retained in payment of an account between himself and the plaintiff. The judge accordingly was warranted in finding on the plaintiff's own showing, that there had been no overpayment to the guardian, and the fourth request was properly denied.

The assignment given by Mary was rightly admitted. It was honored by the plaintiff and in the settlement of the estate she was entitled to her legacy, which proportionately diminished the amount coming to Albert, and the evidence, instead of being prejudicial, was for his benefit.

The admission of the final account of the defendant as guardian, which had been allowed before the present action was brought, was not erroneous.* No contractual relations ever existed between the plaintiff and the defendant in his representative capacity. The ward had become of age, and the allowance of the account showed that the money received from the plaintiff had been duly paid over. It is settled that the ward during guardianship, and not the guardian, is the only party in all actions concerning his title or estate. *Jennings* v. *Collins,* 99 Mass. 29. *Lombard* v. *Morse,* 155 Mass. 136, 137, 138. *Mee* v. *Fay,* 190 Mass. 40. And when minority terminates and he comes into possession of personal property formerly in control of the guardian as in the case at bar, those who claim title thereto in whole or in part must sue him and not his former guardian. *Rollins* v. *Marsh,* 128 Mass. 116, 118. *Lanman* v. *Lanman,* 206 Mass. 488, 491.

---

* The bill of exceptions stated: "Albert McDonough became twenty-one years of age before the bringing of this action."

The fifth and sixth requests that as matter of law the plaintiff was entitled to recover could not have been given. The third request is disposed of by the judge's finding. The ruling under the second request, that, while the filing and allowance of the guardian's first and final account is no defence, yet the court declines to order a verdict for the plaintiff, was sufficiently favorable. See *Merchants' Ins. Co.* v. *Abbott,* 131 Mass. 397, 401–404; *Moors* v. *Bird,* 190 Mass. 400.

We perceive no reversible error of law at the trial, and the exceptions should be overruled.

*So ordered.*