### WILLSON v. WALTHAM WATCH CO. et al.

(District Court, D. Massachusetts. February 8, 1923.)

No. 1799.

1. Injunction ⬅73—Stockholder cannot complain of action by which his rights are not affected.

Concealment of material facts in a circular sent out by a committee of stockholders, inviting other stockholders to deposit their shares, with power to the committee to vote the same, cannot be made the basis of a suit to restrain the committee from exercising such power by a stockholder who did not so deposit his stock.

**2. Equity ⊛⇒50—Remedy given minority stockholder by state statute held to exclude jurisdiction in equity.**

G. L. Mass. c. 156, § 46, providing a remedy to a minority stockholder who did not consent to a sale or transfer of the property of the corporation, *held* adequate, and to exclude jurisdiction of a federal court of equity.

**3. Receivers ⊛⇒3—Receivership is incidental remedy only.**

A receivership cannot be the primary object of litigation, but is an incident merely to proceedings in equity involving the rights of the parties, and is for the purpose of conserving the property and assets of the defendant pending adjudication of these rights.

In Equity. Suit by Mary B. Willson against the Waltham Watch Company and others. On motion to dismiss bill. Motion granted.

Arthur S. Philips, of Fall River, Mass., for plaintiff.

John Noble, of Boston, Mass., for defendants Waltham Watch Co. and others.

Stoughton Bell, Harvey H. Bundy and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for defendants I. Tucker Burr and others.

Arthur J. Santry, of Boston, Mass., for defendant Putnam.

BREWSTER, District Judge. The Waltham Watch Company in 1922 was confronted with a financial condition which appeared to many of its stockholders as "serious." Some of the larger stockholders brought about the organization of two stockholders' committees, one known as the "common stockholders' protective committee," and the other as the "preferred stockholders' protective committee." On each of these committees was a stockholder, who was also a director of the corporation. Communications addressed to stockholders were sent out by these committees. It is alleged, and I assume, that they went out from the office of the corporation. In substance, these communications brought to the attention of the stockholders the financial condition of the corporation and suggested the advisability of depositing certificates representing shares with the American Trust Company and giving to the respective committees voting power respecting said shares. A very substantial majority in number and amount of shares of both classes were deposited with the trust company. A plan of reorganization was worked out, which involved the sale of all the assets of the existing corporation to a new corporation to be organized. A stockholders' meeting was called for the purpose of taking action with reference to such sale, notice of which was sent to all the stockholders with a request for proxies. A number of stockholders who had not deposited their shares returned to the committees proxies.

The plaintiff owns shares of both classes of stock in the corporation. She had not deposited her shares with the American Trust Company, nor had she given to the committees proxies, and, so far as appears, she was in full possession of all her rights as stockholder to attend said meeting and vote against said sale and exercise her rights as minority stockholder in the event a sale was authorized. Nevertheless, she brings this bill in equity against the corporation and its board of directors and the individual stockholders composing the committees, and thereby seeks to enjoin the respondents from conveying, or aiding or abetting any

conveyance of, any substantial proportion of the assets of the corporation and to restrain the committees from voting the shares which have been deposited, not by her, but by other stockholders. She does not allege that any fraud has been practiced upon her, and the nearest approach to an allegation of fraud upon the stockholders who have deposited is the assertion that the committees, in their circulars, did not fully reveal essential facts respecting the affairs of the corporation. The bill of complaint is devoted mainly to a recital of facts tending to show that the plan evolved by the committees is not favorable to stockholders, or that a plan can be evolved which would be more advantageous.

To this bill of complaint the respondents demur on three grounds:

(1) That the allegations in the bill of complaint do not entitle the plaintiff to relief in equity.

(2) That the plaintiff has a plain, adequate, and complete remedy at law.

(3) That the plaintiff's rights are defined and established by the laws and statutes of the commonwealth of Massachusetts, and that the rights so established and defined are exclusive and preclude this court from granting the relief prayed for in the bill of complaint.

[1] In these proceedings none of the stockholders who have conferred voting power on the committees is complaining that he has been induced to deposit his shares by the alleged failure to disclose pertinent facts, and I am unable to see how this plaintiff, who has parted with none of her rights, can invoke the assistance of this court to protect other stockholders. Assuming to be true, what is vigorously denied by the respondents, that material facts were concealed, and such concealment amounted to a fraud upon those who acted upon the representations of the respondents, such a situation, I take it, would not give one who had not acted upon these representations a right to restrain the committees from exercising all the rights which they had acquired respecting the deposited shares.

[2] Chapter 156 of the General Laws of the commonwealth of Massachusetts, in section 46, provides as follows:

"A stockholder in any corporation which shall have duly voted to sell, lease or exchange all its property and assets or to change the nature of its business in accordance with section forty-two, who, at the meeting of stockholders, has voted against such action may, within thirty days after the date of said meeting, make a written demand upon the corporation for payment for his stock. If the corporation and the stockholder cannot agree upon the value of the stock at the date of such sale, lease, exchange or change, such value shall be ascertained by three disinterested persons, one of whom shall be named by the stockholder, another by the corporation and the third by the two thus chosen. The finding of the appraisers shall be final, and if their award is not paid by the corporation within thirty days after it is made, it may be recovered in contract by the stockholder from the corporation. Upon payment by the corporation to the stockholder of the agreed or awarded price of his stock, the stockholders shall forthwith transfer and assign the stock certificates held by him at, and in accordance with, the request of the corporation."

Thus we see that the rights of the plaintiff as a minority stockholder are governed by the laws of Massachusetts, which undertake to protect such minority stockholder in a case where holders of two-thirds of

the outstanding capital stock of each class vote to dispose of all the assets of the corporation, providing such minority stockholder at the meeting has voted against the sale.

The plaintiff, therefore, in my opinion, has a plain, adequate, and complete remedy at law by reason of these statutory provisions. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358.

[3] The plaintiff in her bill also prays for a receiver to take possession of the property and assets of the respondent corporation, and alleges that the corporation, under the guidance of this court, could effect a reorganization that would eliminate the waste and extravagance which the plaintiff claims will attend upon the proposed reorganization. It is well settled that, unless the rights of the plaintiff are such as to entitle her to relief in equity, she cannot ask for a recceivership merely on the ground that under the guidance of the court the internal affairs of the corporation might be conducted in a manner more satisfactory to her. Receivership is an incident merely to proceedings in equity involving the rights of parties, and is resorted to for the purpose of conserving the property and assets of the respondent pending adjudication of these rights. A receivership cannot be the primary object of litigation. This court is without jurisdiction to take over the affairs of a corporation for the purpose of administering its internal affairs in conformity with the desires of a minority stockholder. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Sidway v. Missouri Land & Live Stock Co. (C. C.) 101 Fed. 481, 484, 486; Zuber v. Micmac Gold Mining Co. (C. C.) 180 Fed. 625; Myers v. Occidental Oil Corporation (D. C.) 288 Fed. 997.

The demurrer, therefore, should be sustained, and the bill dismissed, and decree may be entered accordingly.

⚑⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes