J. LEON POULIOT *vs.* WEST INDIA FRUIT COMPANY.

EDWARD C. BECK *vs.* SAME.

Suffolk.    April 5, 1933. — May 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Receiver. Equity Jurisdiction*, Receivership proceedings. *Corporation*, Receiver. *Equity Pleading and Practice*, Hearing on bill and answer; Decree: pro confesso.

Under Rule 29 of the Superior Court (1932), the entry in a suit in equity of a decree *pro confesso* upon an insufficient answer is proper.

A bill in equity by a judgment creditor against a Massachusetts corporation set forth sufficient cause for the appointment of a receiver by the court in the exercise of its jurisdiction conferred by G. L. (Ter. Ed.) c. 156, § 51.  The corporation filed an answer setting forth only that it neither owned nor possessed any property real or personal within the jurisdiction of the courts of this Commonwealth, and that "whatever property it owns consists of certain real estate situated in and being in the island of Cuba and subject only to the jurisdiction of the laws of the Republic of Cuba."  The plaintiff moved that the bill be taken for confessed "on the plaintiff's bill and the defendant's answer."  An interlocutory decree was entered taking the bill for confessed and on the same day a decree was entered appointing a permanent receiver.  The corporation did not seek to amend its answer, but appealed from both decrees. *Held*, that

(1) The plaintiff's motion for a decree *pro confesso* was in effect a request for a ruling of law as to the sufficiency of the allegations of the answer to defeat the jurisdiction of the court, and the entry of the decree appointing a permanent receiver must have been based on a ruling of law that the facts contained in the answer were insufficient to defeat the relief sought;

(2) It was not necessary that the property constituting the subject matter of the receivership should be within the jurisdiction of the court so long as the parties in interest were subject to its control: although the appointment of a receiver did not vest in him title to or possession of the property of the defendant in Cuba, the court would have power to compel the defendant, which was subject to its jurisdiction, to execute conveyances of the property in such foreign jurisdiction;

(3) No error appeared in the decrees.

Two BILLS IN EQUITY, filed in the Superior Court respectively on January 7, 1931, and on December 24, 1931,

by creditors of the defendant, seeking the appointment of a receiver under G. L. (Ter. Ed.) c. 156, § 51.

On February 13, 1931, upon the return of an order of notice in the first suit to show cause why a receiver should not be appointed, a receiver was appointed by order of *Qua,* J., and the defendant appealed.

On January 6 in the second suit and on February 25, 1932, in the first suit, the defendant filed the answer described in the opinion; and on February 18, 1932, the suits were ordered consolidated. On May 5, 1932, the plaintiff in the first suit filed and *Dillon,* J., allowed the motion that the bill be taken *pro confesso,* described in the opinion. The next day there was entered a decree taking that bill as confessed and also a decree appointing as permanent receiver the same person named in the decree entered on the return of the order of notice. The defendant appealed.

*W. S. Thompson,* for the defendant, submitted a brief.

*H. P. Moulton,* for the plaintiff Pouliot.

*G. B. Rowlings,* for the plaintiff Beck, submitted a brief.

CROSBY, J. These suits in equity, which have been consolidated, are brought by judgment creditors against the defendant, a Massachusetts corporation, under G. L. (Ter. Ed.) c. 156, § 51, for the appointment of a receiver. An interlocutory decree was entered, appointing one Harold G. Jackson such receiver, from which the defendant appealed. The defendant filed an answer in each case in which it was alleged that the defendant neither owned nor possessed any property real or personal within the jurisdiction of the courts of this Commonwealth, and that "whatever property it owns consists of certain real estate situated in and being in the island of Cuba and subject only to the jurisdiction of the laws of the Republic of Cuba." After hearing a decree was entered taking the first bill for confessed, and the defendant appealed. The case was heard on the merits and a decree was entered appointing said Jackson permanent receiver of the defendant, directing him to take charge of its estate and effects and to collect the debts and property due and belonging to it, with power to prosecute

and defend suits in its name or otherwise and to appoint agents. From this decree the defendant appealed.

G. L. (Ter. Ed.) c. 156, § 51, provides that in the circumstances set forth in G. L. (Ter. Ed.) c. 155, § 52, "or if a judgment has been recovered against a corporation, and it has neglected for thirty days after demand made on execution to pay the amount due with the officer's fees, or to exhibit to the officer real or personal property belonging to it and subject to be taken on execution sufficient to satisfy the same, and the execution has been returned unsatisfied, one or more receivers may be appointed with the powers and duties provided in, and subject to, said section." It appears from the officer's return on the execution in each case that demand was made in writing upon the judgment debtor which neglected and refused for more than thirty days after such demands to satisfy said executions. The appointment of a receiver is merely ancillary to other relief. *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580, 583.

The plaintiffs' bills plainly set forth sufficient cause for the appointment of a receiver by the court in the exercise of its statutory jurisdiction conferred by G. L. (Ter. Ed.) c. 156, § 51. Since the record does not contain a report of the material facts found by the trial judge, and there is no report of the evidence presented to him, the entry of the decree imports a finding of all the facts necessary for its support. The only question presented is whether as matter of law the decree could have been entered on the pleadings. *Brogna* v. *Commissioner of Banks*, 248 Mass. 241, 243. *Levinson* v. *Connors*, 269 Mass. 209, 210. The allegations of the bills were not denied in the answers and therefore must be deemed admitted. G. L. (Ter. Ed.) c. 231, § 38. The bills plainly set forth the cause for the appointment of a receiver within the requirements of the statute above referred to. The only matter set forth in the answers is in substance that the defendant had no property in this Commonwealth. The entry of the decree *pro confesso* and the subsequent decree appointing a permanent receiver must necessarily have involved a ruling of law that the allegations in the answers were not

sufficient to deprive the plaintiffs of the relief sought by the bills. The defendant contends that the decree *pro confesso* could not properly be entered since an answer had been filed, and its sufficiency had not been questioned. The defendant further contends that the decree appointing a permanent receiver could not properly be entered on the same day as the entry of the decree *pro confesso,* and without its being heard thereon. Its contention apparently is based on Rule 27 of the Superior Court (1932) which in turn is founded upon G. L. (Ter. Ed.) c. 231, § 58. The entry of a decree *pro confesso* upon an insufficient answer is proper. Rule 29 of the Superior Court (1932). The motion of the plaintiff was that the bill be taken for confessed "on the plaintiff's bill and the defendant's answer," and in effect was a request for a ruling of law as to the sufficiency of the allegations of the answer pleaded to defeat the jurisdiction of the court. If it be assumed that the decree appointing a permanent receiver on the same day that the decree *pro confesso* was entered was erroneous under said Rule 27 and that the question is open on this appeal, it does not appear that the defendant was prejudiced thereby. The defendant does not seek to amend its answer or show any other reason why the decrees should be vacated. The only argument addressed to this court is that the trial judge was without jurisdiction because the defendant had no assets or property in the Commonwealth. This is the only question raised on the appeal. The facts alleged in the bill are not controverted, and it is assumed that those alleged in the answer also are true. It follows that the entry of the decree appointing a permanent receiver was based on a ruling of law as to the insufficiency of the facts contained in the answer to defeat the relief sought. The defendant, a domestic corporation, was subject to the jurisdiction of the courts of this Commonwealth acquired by service in accordance with G. L. (Ter. Ed.) c. 223, § 37. See *In re Maudslay, Sons & Field,* [1900] 1 Ch. 602, 604. It was not necessary that the property constituting the subject matter of the receivership should be within the jurisdiction of the court so long as the parties in interest were

subject to its control. *Huston* v. *Cox,* 103 Kans. 73. *Bayne* v. *Brewer Pottery Co.* 82 Fed. Rep. 391. High on Receivers (4th ed.) § 44.

Although the appointment of a receiver did not vest in him title to or possession of the property of the defendant in Cuba, *Harvey* v. *Varney,* 104 Mass. 436, 443, *Booth* v. *Clark,* 17 How. 322, the court would have power to compel the defendant which was subject to its jurisdiction to execute conveyances of the property in such foreign jurisdiction. *Fahey* v. *Pease,* 282 Mass. 609, 613. *Fenner* v. *Sanborn,* 37 Barb. 610, 613. *Wilmer* v. *Atlanta & Richmond Air Line Railway,* 2 Woods, 409. *Booth* v. *Clark,* 17 How. 322, 332, 333. See also *Wilson* v. *Welch,* 157 Mass. 77.

As no error of law appears, the entry in each case must be

*Interlocutory and final decrees affirmed with costs.*