·BENJAMIN S. EASTMAN *vs*. ASA S. ALLEN, executor.

Suffolk.    October 9, 1940. — January 27, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Executor and Administrator*, Debts of estate, Funeral expenses. *Jurisdiction*, Over the cause. *Practice, Civil*, Abatement. *Probate Court*, Jurisdiction.

Expenses of a funeral are a debt of the estate of the deceased person within the provisions of § 2 of G. L. (Ter. Ed.) c. 197 as amended by § 3 of St. 1933, c. 221.

A creditor of an estate, who had not appeared after service upon him in a proceeding in the Probate Court by the executor under § 2 of G. L. (Ter. Ed.) c. 197 as amended by § 3 of St. 1933, c. 221, was not precluded by the pendency of such proceeding from subsequently bringing and maintaining an action on his claim in a District Court.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 14, 1939.

There was a finding for the plaintiff by *Putnam*, J.

The case was submitted on briefs.

*O. S. Allen*, for the defendant.

*E. R. Greenhood*, for the plaintiff.

DOLAN, J. This is an action of contract in which the plaintiff seeks to recover for services and goods furnished by him, as an undertaker, for the funeral of the defendant's testate. The writ is dated October 14, 1939. The defendant appeared specially and filed an answer in abatement setting up that, as executor of the will of the deceased, he filed a petition in the Probate Court prior to the commencement of this action, "to wit, upon September 30, 1939," under the provisions of G. L. (Ter. Ed.) c. 197, § 2 "as amended," against the present plaintiff, seeking to have that court determine the validity of the debt for which the plaintiff brings this action; that service of said petition was made

upon the present plaintiff before the commencement of this action; and praying that this action be abated. The plaintiff filed a motion that the answer in abatement be heard and overruled. After hearing, the judge, in effect, found the facts stated in the answer to be true. The parties agree that "the present plaintiff intentionally did not appear nor file any answer in the probate proceedings." The judge further found that no action had been taken in that proceeding and overruled the answer in abatement, ruling that the prior pendency of the executor's petition in the Probate Court did not as matter of law prevent the plaintiff from bringing and maintaining the present action. The defendant then filed a "Special Appearance and Answer in Bar." The case was heard on the merits and the judge found for the plaintiff. The case now comes before us on the defendant's appeal from the order of the Appellate Division dismissing the report.

The only question presented for determination is the correctness of the ruling of the judge, which is set forth above.

G. L. (Ter. Ed.) c. 197, § 2, as amended by St. 1933, c. 221, § 3, provides as follows: "If an executor or administrator does not within six months after the approval of his bond have notice of demands against the estate of the deceased sufficient to warrant him to represent such estate to be insolvent, he may, after the expiration of said six months, pay the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments made before notice of such creditor's demand; and if such executor or administrator is in doubt as to the validity of any debt which, if valid, he would have a right to pay under this section, he may, with the approval of the probate court, after notice to all persons interested, pay such debt or so much thereof as the court may authorize."

The defendant states the issue for determination to be whether one having a claim for payment of funeral expenses for a deceased person may, after the Probate Court had jurisdiction over him with respect to that claim, oust it of that jurisdiction, though he does not wish a trial by jury,

and insist that his claim be passed upon by a judge of a District Court instead of by a judge of the Probate Court. In the consideration of this question it must be conceded that by bringing his action in the Municipal Court the plaintiff, under G. L. (Ter. Ed.) c. 231, §§ 103, 141, 143, waived his right to trial by a jury.

It would serve no useful purpose to recite in detail the various arguments of the parties, some in the alternative, with relation to the status of claims for funeral expenses, and concerning whether under G. L. (Ter. Ed.) c. 197, § 2, jury issues may be framed in the Probate Court. It is settled that an action for funeral expenses, except as a claim therefor is preferred (G. L. [Ter. Ed.] c. 198, § 1), differs in no essential from an action for a debt due from the deceased, and that the estate of the deceased is just as liable for the necessary charges of the funeral as for necessaries supplied in the lifetime. *Breen* v. *Burns*, 280 Mass. 222, 225, and cases cited. In that case it was held that such an action was by a creditor of the deceased within the meaning of G. L. c. 197, § 9. We are of opinion that similarly the funeral expenses of a deceased person are a "debt" within the meaning of G. L. (Ter. Ed.) c. 197, § 2, and that upon the petition of an executor or administrator the Probate Court has jurisdiction to determine the validity of such a "debt" in proper case. We also think that the plain implication of what is said in *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212, 214, is that, on petitions for the determination of the validity of debts under § 2, the Probate Court could not properly frame issues for jury trial thereof.

It is true, as urged by the defendant, that in the case just cited action had been begun in the Superior Court by alleged creditors of the estate of a deceased person and trial by jury claimed before the executors brought the petition under § 2 to determine the validity of the same claims, and that the familiar principle was invoked that "Where different courts of the same sovereign power have concurrent jurisdiction of the same causes, the one whose jurisdiction is first duly invoked has authority paramount over other courts," and that therefore, since the causes involved had

been put in litigation in the Superior Court prior to the filing of the petition under § 2, the Superior Court acquired and retained jurisdiction exclusive of the Probate Court. The defendant in the present case argues that in like manner since the jurisdiction of the Probate Court was first invoked under § 2 it acquired and retained jurisdiction of the cause to the exclusion of other courts, particularly as the plaintiff here did not desire a jury trial.

We are of opinion that this contention cannot be sustained under the interpretation of § 2 set forth in the case just before referred to. In that case the purposes and main design of § 2 are fully discussed, and in substance it is said that this section does not deprive other courts of jurisdiction; that it provides alternative procedure; that it does not extinguish preëxisting remedies open to parties; that it would be contrary to sound canons of statutory construction so to interpret this section as to deprive parties of the right to bring actions at law with the concomitant privilege of claiming trial by jury, and to compel all persons having claims against the estate of a deceased person to resort to Probate Courts alone for adjusting demands. It is also further said that "Thus interpreted, the statute is not rendered useless, but has a considerable field for its operation. It enables executors and administrators, if all parties desire, to proceed at once for the determination of the validity of claims against their estate." In the light of this interpretation of § 2 we think that the alternative proceeding therein provided for may not be said to have been duly invoked unless the creditor consents to the exercise of jurisdiction by the Probate Court under that section.

It follows that the plaintiff in this case was not required to respond to the proceeding under § 2, that he was free to take action under other existing remedies, and that the pendency of the petition under § 2 was not a bar to the bringing of the present action. In *French* v. *Bray*, 263 Mass. 121, 122, it is to be observed that both parties to the petition submitted to the jurisdiction of the Probate Court without question.

*Order dismissing report affirmed.*