Bernard **GOLDFINE**, etc., et al.,
Defendants, Appellants,

v.

**UNITED STATES** of America,
Plaintiff, Appellee.

No. 5963.

United States Court of Appeals
First Circuit.

Heard March 2, 1962.

Decided March 15, 1962.

Joel A. Kozol, Boston, Mass., with whom Frank L. Kozol, Marvin I. Friedman, and Friedman, Atherton, Sisson & Kozol, Boston, Mass., were on brief, for Charlotte Goldfine and others, appellants.

Homer R. Miller, Atty. Dept. of Justice, Washington, D. C., with whom Louis F. Oberdorfer, Asst. Atty. Gen., Joseph Kovner, Burt. J. Abrams and Stephen B. Wolfberg, Attys., Dept. of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Daniel B. Bickford, Asst. U. S. Atty., Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The facts in this appeal from the appointment of receivers under 26 U.S.C.A. § 7403 may be briefly stated. The principal taxpayer, Bernard Goldfine, has many financial interests. Of present importance are George Mabbett & Sons Co. and Strathmore Woolen Co., corporations of which he allegedly owns all the stock, the Little Building, a substantial office building, variously mortgaged, of which he owns the equity, and a 60 per cent

stock interest in Bolton Associates, a Massachusetts business trust, of which his wife Charlotte and two others are the trustees. Goldfine is in serious difficulties with the federal tax authorities for the years 1952–1957 (the situation for the subsequent years has not yet been calculated), has served a sentence for tax fraud, and allegedly owes over $2,000,000 including penalties and interest, for the years mentioned. According to the government's uncontradicted affidavits there is a long history of improper inter-company manipulations and irregular advances to Goldfine, corporate books are incomplete, and in many years tax returns have not even been filed. Apart from the two matters about to be discussed, and even though we cannot avoid the suspicion that the receivers are sought in large measure not as a protective device with respect to Goldfine, but to make further, and doubtless desirable, study of the corporate tax picture, this is a classic case where we would not disturb the discretion of the district court. United States v. O'Connor, 2 Cir., 1961, 291 F.2d 520; Florida v. United States, 8 Cir., 1960, 285 F.2d 596; Lias v. United States, 4 Cir., 1952, 196 F.2d 90.

■■ With respect to Goldfine, appellants maintain that the government is fully secured, both by injunctions, from which they do not appeal,[1] and by uncontroverted liens, and hence has no need of receivers. If Goldfine's equity in the Little Building has the value appellants' expert ascribes to it, there might be merit in this contention. This expert gave a value to the building one-third higher than its assessed valuation and (although we have not seen the figures underlying his appraisal) seemingly over twenty times the net rentals before depreciation. The government appraisal was approximately half that figure. If the court had determined this issue against appellants, that would be the end of this defense, but it expressly refused to resolve it.[2] The government should not be entitled to the drastic remedy of receivership if it is fully secured by solid liens.

On the assumption that on remand the court may decide the security issue in favor of the government, appellants interpose a more serious, jurisdictional defense. Goldfine is presently under guardianship, as a person mentally ill. His wife, an appellant herein, and a Mr. Burstein, an experienced member of the bar who is a party respondent but who does not appear on this appeal, have for some time been the guardians of his person and property, appointed by the Massachusetts Probate Court. Mass.G.L. c. 201, § 6 et seq. Appellants invoke the well-settled principle that a federal court cannot interfere with a state court's prior possession of a res. Kline v. Burke Construction Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Princess Lida v. Thompson, 1939, 305 U.S. 456, 59 S.Ct. 270, 83 L.Ed. 285; 28 U.S.C. § 2283. In so doing they exaggerate the possession and function of the probate court. Appellants equate a guardian with a state-court-appointed receiver. There are vital differences.

1. Appellants in fact, although they deny the court's jurisdiction to appoint receivers over them, have stressed the "broad and comprehensive injunctions against all parties and persons, protecting any possible dissipation or removal of assets." Yet any jurisdictional inability to appoint receivers must apply equally to the injunctions. As was said in Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, at p. 136, 62 S.Ct. 139, 145, 86 L.Ed. 100, cited by appellants in another connection, "[W]here a state court first acquires control of the *res*, the federal courts are disabled from exercising any power over it, *by injunction* or otherwise." (Second italics ours).

2. The duty of the court to report findings of disputed facts under Rule 52(a), 28 U.S.C., in every instance is, as we have previously lamented, Horizons Titanium Corp. v. Norton Co., 1 Cir., 1961, 290 F.2d 421, 424, n. 3, far from clear. On the other hand, it is explicitly required for the issuance of a preliminary injunction. Rule 65(a). The court here did not merely not recite its findings, it expressly declined to inquire, stating with respect to the Little Building that it was "not concerned."

■■ The appointment of a receiver is incidental to the purpose of effecting other relief. Pouliot v. West India Fruit Co., 1933, 283 Mass. 182, 186 N.E. 52; Willson v. Waltham Watch Co., D.C.D. Mass., 1923, 293 F. 811. "[The] possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it." Porter v. Sabin, 1893, 149 U.S. 473, 479, 13 S.Ct. 1008, 1010, 37 L.Ed. 815; United States v. Bank of New York & Trust Co., 1936, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Wellman v. North, 1926, 256 Mass. 496, 152 N.E. 886; Harrison v. J. J. Warren Co., 1903, 183 Mass. 123, 66 N.E. 589. Guardianship is not ancillary to a pending court proceeding, but is an ultimate matter, the sole object of which is the "benefit or advantage of the ward." Minnehan v. Minnehan, 1958, 336 Mass. 668, 671, 147 N.E.2d 533; cf. Lynch v. Dodge, 130 Mass. 458. While appointed by the court, and supervised by it,[3] the guardian is appointed simply as agent of the ward. Lombard v. Morse, 1891, 1955 Mass. 136, 29 N.E. 205, 14 L.R.A. 273. There the court said, at p. 137, 29 N.E. at p. 205,

"The title to the property of the ward does not pass to the guardian. He has its care and management only. His position is that of an agent or attorney, not that of an assignee or trustee."

In the case of a receivership, any action against the res in another court is necessarily a disturbance. It is an interference with "all those whose claims are being adjudicated in the state proceedings." United States v. Bank of New York & Trust Co., supra, 296 U.S. at 478, 56 S.Ct. at 348.[4] In the instance of guardianship no claims are being adjudicated in the state court. The situation is not like appellants' case of Princess Lida v. Thompson, supra, where, by statute, the state court assumed jurisdiction of a trust to determine various questions affecting many parties in interest. The sole party interested in the guardianship proceeding, to the very limited extent that there is one, is the ward. The ward's interest may be withdrawn from such jurisdiction as may exist in the probate court with injury to no one but himself, and without affront to the court. This is the plain teaching of Hicks v. Chapman, 1865, 10 Allen 463, 92 Mass. 463, where the court said, at p. 464, that guardians do "not, like executors, administrators or trustees[5] * * * [have] legal title * * but a naked power." The court held that trustee process, an action quasi in rem, might be had, and foreclosed, against the property of the ward in another court.

■ We reject appellants' contention that the mere naming of the guardians

3. Under G.L. c. 206 § 1, a guardian is required to file annual accounts. It is not insignificant that these guardians, although appointed in 1960, have never filed any such. Indeed, Mr. Burstein stated to the district court that all that he has ever had in his possession was $15,000 in cash. Without intending the slightest criticism of the guardians, if the question is one of fact rather than law the claim advanced that these guardians are affording the government protection of its $2,000,000 claim does not merit consideration.

4. To be distinguished are actions in personam, which do not involve the property directly, and hence do not interrupt the possession of the receivership court. Even here there is a difference between receivership and guardianship. Consent of the court which has appointed the receiver must first be obtained. Robinson v. Trustees of New York, N. H. & H. RR., 1945, 318 Mass. 121, 60 N.E.2d 593; Wood v. Comins, 1939, 303 Mass. 367, 21 N.E.2d 977, 123 A.L.R. 454. No consent is needed where there is guardianship, and the suit must be brought against the ward himself. Murphy v. Duane, 1921, 238 Mass. 483, 131 N.E. 181.

5. We do not mean by quoting this language that the result would necessarily be different if we were concerned with the administration of an estate. The Massachusetts law there will call for scrutiny if and when such question arises. Cf. United States v. Saxe, D.C.D.Mass., 1958, 159 F.Supp. 220, aff'd, 1 Cir., 261 F. 2d 316, citing Eastman v. Allen, 1941, 308 Mass. 138, 31 N.E.2d 547; cf. Kittridge v. Stevens, 1 Cir., 1942, 126 F.2d 263.

placed Goldfine's assets in the possession of the probate court to the exclusion of other proceedings.

■ So far we have been talking about appointing receivers for Bernard Goldfine. We find nothing in the complaint, and nothing of substance in the affidavits, warranting the conclusion that Charlotte Goldfine has done, or is about to do, anything in particular justifying the appointment of receivers for her personally. Nor, of course, are receivers to be appointed over her in her representative capacity as guardian of her husband. As has been previously pointed out, an action against the ward does not even require the naming of the guardian as a party. Murphy v. Duane, supra. We are aware of the fact that courts have appointed receivers for wives filing joint returns almost automatically, cf. United States v. O'Connor, supra; Florida v. United States, supra, but we invite the district court's attention, on remand, to consideration of the question of whether receivers for Goldfine, the liens, and the injunctions against the wife will not be enough.

■ Receivers as to Mabbett will stand or fall with the court's ultimate decision as to Goldfine. If the government needs, as security, his interest in that corporation, receivership would afford appropriate protection. However, the mere fact that, as appears from affidavits attached to the complaint, Mabbett itself may ultimately be found to be indebted for taxes would not warrant receivership. Section 7403 is for the enforcement of liens and for the collection of taxes shown to have accrued. We do not read it as authorizing the appointment of a receiver simply in anticipation of some possible future discovery. Strathmore, on the other hand, is not merely alleged to be subject to Goldfine's control, and insolvent, but to owe a substantial amount of taxes itself. The appeal here is without merit.

A different question arises with respect to Bolton Associates, where it appears that Goldfine owns only a 60% share interest. There is no present indication that the other shareholders are not bona fide, or are tools of Goldfine. Receivers, if finally appointed, should simply be with respect to Goldfine's shares, and not of Bolton itself. Even if in the past the Bolton trustees may have been tools of Goldfine, we nevertheless think the court should wait until it appears that the injunctions and the limited receivership do not provide adequate protection for the future. If it should hereafter appear that Goldfine made further attempts to dominate, control or manipulate Bolton, or that the Bolton trustees misconducted themselves, the court may then take appropriate steps. But some such showing must be made to put a corporation or Massachusetts trust into receivership when merely some portion of its beneficial owners are in tax difficulties.[6] We would make the same distinction, although for a different reason, that the district court made with regard to the life insurance company in Florida v. United States, supra. In oral argument the government indicated that its position as to Bolton was exactly this, and that this is all that the decree presently provides, but we read its language more broadly. There should be clarification.

■ Finally, it is contended that the statute reading in the singular, the court is without power to appoint a larger number of receivers. We pass the point that the guardians argue that "a receiver" means only one while, in the same breath, asserting that they themselves were "duly appointed" under a statute authorizing appointment of "a guardian." Mass.G.L.

6. It is true that it is alleged that Bolton itself has an unsatisfied tax obligation to the government. This, however, is relatively small, and Bolton has indicated willingness to pay the amount forthwith, although it disputes liability, and litigate for its return. The existence of this individual claim cannot, under the circumstances, of itself warrant receivership for Bolton, particularly having in mind the undisputed and substantial lien that the government has upon its fixed assets.

c. 201 § 6. Two courts of appeals, at least *sub silentio,* have approved a plural construction of the receivership statute. Lias v. United States, supra; United States v. Kensington Shipyard, 3 Cir., 1948, 169 F.2d 9. While it may be significantly different to discover a multiple rather than a single pregnancy, in the case of receivership the gravamen must be the condition itself, and the number of receivers be largely immaterial. Here we have several entities concerned with the receivership. We will not hold it error to appoint three receivers.

Judgment will be entered vacating the order appointing receivers except as to Strathmore and ordering further proceedings in the District Court not inconsistent herewith. Mandate shall issue forthwith.

HARTIGAN, J., is of the opinion that the statute permits only one receiver.