CESIDIA CIARLETTA *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION. April 18, 1975. In her petition seeking abatement of an inheritance tax imposed upon her as surviving joint owner of certain bank accounts in the names of the petitioner and her late husband, the petitioner alleged that the accounts were held by her merely as trustee for the benefit of their son. The case was submitted to a probate judge solely on the petition and the respondent's answer. Paragraph 4 of the answer, as we interpret it, admits those allegations. Since the respondent was bound by that admission (*General Elec. Co.* v. *Brady Elec. Co. Inc.* 2 Mass. App. Ct. 522, 529 [1974], and cases cited), and since his answer did not contain a sufficient denial of any other material allegations in the petition (see Rule 34 of the Probate Courts [1959]), the petitioner's motion for the entry of a decree pro confesso was improperly denied. *Ibid.* See *Pouliot* v. *West India Fruit Co.* 283 Mass. 182, 185 (1933). On the facts alleged in the petition, which would have been established as true by the entry of that decree (*Wolfe* v. *Massachusetts Port Authy.* 366 Mass. 417 [1974], and cases cited), no inheritance tax was due from the petitioner on the accounts under G. L. c. 65, § 1, as she acquired no beneficial interest in them. See *Kirschenbauer* v. *Ludovico,* 352 Mass. 784 (1967), and cases cited. For that reason the final decree denying the petition was also erroneous. Accordingly, the decrees appealed from are reversed and there are to be entered an interlocutory decree pro confesso and a final decree granting the petition.

*So ordered.*

*John A. McCarty* for the petitioner.
*Howard Whitehead,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.