Hillman, J.
On December 29, 1999, the plaintiff filed the complaint in this action seeking injunctive relief and monetary damages. The gravamen of his complaint is that he was “squeezed out” of his employment as the manager of The Palladium, Bar Mexico, the Apollo Grille, and the Crystal Palace. The Palladium and the Crystal Palace are nightclubs and Bar Mexico and the Apollo Grille are food and beverage establishments. All have liquor licenses. The plaintiff further alleges that he is a minority stockholder in all four of the defendant corporations, Oasis, Inc. (Oasis), VMGI Inc. (VMGI), Desmarkel Enterprises, Inc. (Desmarkel), and Desert Sands, Inc. (Desert Sands) and that the assets of the corporation are being dissipated. In order to preserve the value of his stock he seeks the appointment of a temporary receiver for all of the entities. For the reasons stated below the plaintiffs motion is denied.
BACKGROUND
The plaintiff became a 25% stockholder in each of the four defendant corporations on June 12, 1997. Essentially Oasis is a holding company for a Worcester nightclub called The Palladium, VMGI is a holding corporation for Bar Mexico and the Apollo Grille, which are food service establishments and Desmarkel and Desert Sands, are holding corporations for real estate and a nightclub called The Crystal Palace. In addition, the plaintiff alleges that he was the manager of each of the above establishments. He claims that he witnessed “skimming” from those establishments and certain conduct by employees of those establishments which placed the assets of the parent corporations (and the value of his stock) at risk. The plaintiff alleges that in 1998 when he brought these improprieties to the attention of the defendants Sousa and Fisher that he was fired. Since his termination as the manager of the establishments the plaintiff has, through counsel, unsuccessfully attempted to purchase the defendant Sousa and Fisher’s interest. Failing resolution and fearing that the value of his stock is being threatened, the plaintiff has brought the within action.
The matter is further complicated by the fact that on May 5, 1998, the plaintiff signed a release of “any and all ownership or rights of ownership I now have or have had in Oasis, Inc., d/b/a The Palladium and VMGI, Inc., d/b/a Bar Mexico and/or the Apollo Grille.” As part of that release the plaintiff resigned any positions that he then held with Oasis and VMGI.
DISCUSSION
The appointment of a receiver is incidental to other relief requested by a plaintiff. Goldfine v. United States, 300 F.2d 260 (1st Cir. 1962). This is because such an appointment seeks to preserve property until the court can adjudge the parties’ rights. Willson v. Waltham Watch Co., 293 F. 811 (D.Mass. 1923). Because receivership seriously interferes with defendant’s property interests, a judge should appoint a receiver only if he sees no other way to protect the plaintiff and other creditors. George Altman Inc. v. Vogue Int’l Inc., 366 Mass. 176 (1974). Like a temporary restraining order or preliminary injunction the creation of a receiver is discretionary with the court and requires the same preliminary findings: (1) imminent danger that the property will be lost, destroyed, or squandered before the court can definitively determine the parties’ rights; (2) likelihood that denying the application would harm the plaintiff more than allowing it would damage the opponents; and (3) likelihood of plaintiffs ultimate victory. Wright and Miller, Federal Practice and Procedure s.2983. New England Theaters, Inc. v. Olympia Theaters, Inc., 287 Mass. 485 (1934).
Receivership, especially receivership before adjudication of the rights and liabilities of the parties, is an extraordinary remedy that should be sparingly applied. This is because “effective appellate reviews of an interlocutory decree appointing a receiver, particularly a temporary receiver, is not always feasible. Such a decree can often have irreversible and far reaching consequences for the debtor and others. Therefore, particular care must be exercised by a judge in order to ascertain that facts exist which justify, and in the judge’s discretion require, the appointment of a temporary or permanent receiver.” George Altman, Inc. v. Vogue Int’l Inc., supra at 179.
It is the opinion of this court that the plaintiffs application fails on several grounds to meet this extremely high burden. There has not been a showing, to the satisfaction of this court, that the corporate assets are in imminent danger of dissipation. The plaintiff points to evidence of skimming that took place (presumably) in 1997 and early 1998 which he brought to the attention of the defendants Sousa and Fisher. There are other allegations which appear to be more sensational than relevant to the issue of corporate waste. These allegations are dated and by necessity, must be considered together with the fact that the plaintiff signed a release with respect to claims against two of the corporate defendants, Oasis, Inc. and VMGI, Inc. This court is also of the opinion that the requested relief would do more harm to the defendants than denying receivership would to the plaintiff. The defendants point to the effect a receiver would have on their loans and liquor licenses. Unsaid, but nevertheless present, is the effect, that a receiver would have on the *50 day-to-day operations of any business, especially heavily regulated businesses such as those that the defendants are engaged in.
Finally, and most importantly this court is not convinced that the plaintiff has a reasonable likelihood of success on the merits of his claims against Oasis and VMGI based upon the release and the burden that the plaintiff must overcome to show that the release should not be enforced.
Order
The plaintiffs Motion for Appointment of a Temporary Receiver is denied.