CASE 24————————DECEMBER 31.

# Gross vs. Jones.

APPEAL FROM JEFFERSON COUNTY COURT.

Appeal lies to the court of appeals from the judgments of the Jefferson county court, where the matter in controversy is over twenty dollars. (*Act* 25 *Feby,* 1854, 2 *Stanton's Rev. Stat., page* 529; 18 *B. Mon.,* 310.)

The city court of Louisville is a *police court.* (*Art.* 4, *sec.* 41, *constitution Ky.;* 2 *Metcalfe,* 578; *city charter of Louisville, Art.* 5, *sec.* 13, *sess. acts,* 1850–1.)

The act passed by the General Assembly at the session of 1859–60, (*sess. acts, page* 50,) providing for compensation to county attorneys for the prosecution of misdemeanors, is general in its import, and applies, not only to all the counties in the State, but also to all the courts in said counties having jurisdiction of misdemeanors, except circuit courts.

The county attorney of Jefferson county, under the act, *supra,* is entitled to the per centum therein named, upon a fine imposed by the city court of Louisville for a misdemeanor, upon his appearing in said court and assisting the city attorney in prosecuting the offender.

The term "magistrate," as used in the act, *supra,* embraces the judge of the city court of Louisville, as well as the judge of every other city court in the State. (*Crim. Code, sec.* 23.)

J. R. GREENE, for appellant, cited *art.* 4, *sec.* 8, *charter of Louisville; Ib., art.* 5, *sec.* 9.

---

Gross vs. Jones.

---

G. A. &. I. CALDWELL, for appellee, cited *sess. acts*, 1859–60, *chap.* 532, *page* 50; *charter of Louisville of* 1851, *art.* 5; *Ib.*, *art.* 5, *sec.* 13.

JEFF. BROWN, on same side, cited *act of* 25 *Feby.*, 1860, *chap.* 532; *Rev. Statutes*, 692; *Code*, 775, 10 *sub-sec.* 6; *sess. acts* 1856, 77; *act of* 24*th March*, 1851, 2 *sess. acts, page* 597; *city charter*, *art.* 5, *sec.* 13; *Crim. Code, sec.* 23; *act of* 1856, 1 *Stanton's Rev. Stat.*, 190, *act of* 1858, *Ib.*, 191; *Constitution Ky., art.* 4, *sec.* 41; *act of* 25*th Feby.*, 1854, 1 *sess. acts, page* 59, *sec.* 6; *act* 3*d March*, 1856, 1 *sess. acts, sec.* 2 *and* 3, *page* 51.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

The General Assembly, during the session of 1859–60, enacted the following law:

"*Be it enacted, &c.*, That in all prosecutions for misdemeanors before any county judge, *police judge*, justice of the peace, or *other magistrate*, the county attorney shall receive thirty *per cent* of all fines and forfeitures imposed or recovered in such prosecutions : *Provided*, said county attorney is present and prosecutes the offenders, but in no other event : *And provided*, he shall not receive his portion until the whole of such fine shall have been collected ; or if the whole judgment should not be collected he shall only receive his *pro rata* on the amount collected."

Under this act the appellee, who was county attorney for Jefferson county, appeared in the city court of Louisville, and together with the city attorney, prosecuted the appellant for a misdemeanor, of which he was convicted and fined $100. Of this sum the appellant paid to appellee thirty dollars as his share of the fine, and this suit was brought to recover it back upon the ground that appellee was not entitled to the same but that it rightfully and properly belonged to the city attorney, who was asserting claim thereto, against appellant.

The appellant was defeated both before the justice and the county court and has appealed.

The act of 1853–54, in relation to the Jefferson county court, (2 *Stanton's R. S., page* 529,) confers jurisdiction upon this

court in such cases, (18 *B. Mon.*, 310 :) and the only question is, whether the county attorney of Jefferson is entitled to the money as compensation for his services, under the act, *supra.*

The objection is, that the act does not apply to the "City Court of Louisville," because the judge of that court is not a *police judge*, within the meaning of the act, and was not designed to be embraced by the same.

It seems to us that the objection is not well taken. The language and provisions of the act are clear and explicit. They are general in their import, and apply not only to all the counties in the State, but also to all the courts in said counties having jurisdiction of misdemeanors—except circuit courts.

If any doubt existed as to whether the terms "Police Judge" embraced the judge of the city court of Louisville, there can be none that the term "Magistrate," as therein used, comprehends that officer, as well as the judge of every other city court in the State.

The Criminal Code (*section* 23,) defines who are magistrates, and embraces within that definition the following officers: "Judges of the county courts, judges of *city* or *police* courts, mayors, chairmen of the trustees of towns, and justices of the peace." And it may be assumed that the legislature, in using the term "Magistrate" in connection with the other officers named in the act of 1859–60, had special reference to the definition given by the Code, and intended to embrace all the officers enumerated in the section referred to. This, we think, is obvious from the fact that the act relates to prosecutions for public offenses, and was intended to provide compensation for a class of officers in certain cases, not theretofore provided for, and thereby to induce promptitude and diligence in their prosecution.

But, in addition to this, it may be properly said that the constitution itself places the city court of Louisville upon the same footing with other *police courts*, if it does not in terms define its character to be the same.

*Section* 41, *article* 4, (1 *Stanton's Rev. Stat.*, 140,) uses the following language in reference to said court: "The city court of

Louisville, the Lexington city court, and all other *police courts* established in any city or town, &c.," thus clearly indicating that the framers of the constitution regarded it as a *police* court. (2 *Metcalfe*, 578.) And we might also add, if necessary, that the city charter, itself, denominates the city court a police court. (*City charter*, art. 5, sec. 13, session acts 1850–51, *and page* 86 *city laws of Louisville.*)

In our opinion no error was committed by the county court in dismissing appellant's suit, and the judgment is therefore *affirmed*.