Zottoli, J.
This is an action of contract, begun by trustee process duly served on the Metropolitan Life Insurance Company, alleged trustee of the defendant’s goods, effects and credits. The report is brief. It states: “There has been a finding in the plaintiff’s favor against the principal defendant. The said trustee has answered, under oath, two sets of interrogatories propounded by the plaintiff. On or about March 4, 1937, the said trustee filed a motion to amend certain of its answers to interrogatories, stating in said motion that such answers had been inadvertently made and were not in accordance with the facts. The said motion was heard on March 10, 1937. Counsel for the plaintiff was present at said hearing and opposed *400 the motion on the ground that the court had no power to allow the same. The court allowed the said motion. Counsel for the plaintiff received a notice on such allowance during the morning of the next day. The plaintiff claiming to be aggrieved by the allowance of the motion of the trustee to amend its answer to the interrogatories filed by it on February 7, 1936, I hereby report the same to the Appellate Division for determination”.
An inspection of the record in the case discloses that though the alleged trustee described its “motion as one to amend its answer”, it in fact moved that it might “be allowed to amend its answer heretofore filed by striking out the said answer and. inserting in place thereof” — an amended answer, with a further prayer that it might be allowed to “retain its costs and charges out of the funds and credits in its possession as aforesaid”.
The plaintiff, in his argument and brief, now concedes, and we think rightly, that the court had power to permit the trustee to amend its answers to the interrogatories filed by it on February 7,1936. As to which see: Hovey v. Crane, 12 Pick. 167; Carrique v. Sidebottom, 3 Met. 297; Collins v. Smith, 12 Gray 431; Winstead Bank v. Adams, 97 Mass. 110; Thompson v. King, 173 Mass. 439, 442. What he now contends is that the court erred in striking out the “former answers” of the trustee, because “that answer was a part of the case and could not properly be delated”.
It is to be observed that the plaintiff objected to the allowance of the motion in toto. He asked no rulings calculated to warn the judge to limit his action to permitting the defendant to get the new answers on file. In such a ease, specific requests were in order. If the judge could rightly do a part of what the motion asked to be done, a *401 generalized claim that his action was wholly wrong, first taken after the order, will not serve, cf. Beals v. Brookline, 174 Mass. 1, 22; Shea v. American Hide & Leather Co., 221 Mass. 282, 283; Shumaker v. Lucerne-in-Maine Community Association, 275 Mass. 201, 205, 206; Solomon Admx. v. Dabrowski, A. S. (1936) 1713, 1714. In this case the trustee first answered no funds. The plaintiff twice interrogated at length, and elicited the fact that two policies of insurance issued on the life of Edward H. McAndrew, one, numbered 3401306-0 payable to the principal defendant in this action as beneficiary, and the other No. 117368707, naming no beneficiary.
Two motions to amend were presented on March 4, 1937 and both were allowed on March 10, 1937. The judge reports in terms only his action on one, but we assume in the plaintiff’s favor that his action on both was intended to be reported. One of these motions related to policy No. 3401306-C, a policy which the trustee had in its answers filed December 22, 1934, sworn to have lapsed for nonpayment of premium on May 22, 1934, leaving nothing due because a loan exhausted the cash surrender value. The plaintiff has filed certain additional allegations of fact which seem calculated only to falsify that answer by showing no lapse. They cannot achieve that result. The answer binds. The amendment merely shows that because of an error in calculation, there is a non-forfeiture benefit provision, of the value of $21., which the trustee says is due the principal defendant.
The other motion seeks only to substitute true answers to interrogatories 2 (a) and 2 (g). These relate to the same policy. 2 (a) asks the dates and amounts of each remittance by assured on account of premiums. The com *402 pany filed a list, in which a payment of $47.64 on May 22, 1930 appears as a cash payment. The amendment repeats the list and only adds against that item the words “Pd. by loan”. 2 (g) asks the amounts due and payable to the company on account of premiums. The amendment only expands the information originally given, that after November 2, 1932, the annual premium on a reduced principal amount was $45.82. It does not reach to the vital question of lapse in 1934.
We are not prepared to say that there may not be a case in which wholesale deletion of original answers may work an injustice to an attaching creditor, who is by Gen. Laws Ch. 246, §19, given a remedy for false answers. But we are clear that in this case, in which merely the correction of specific detailed errors is allowed, the keeping of original answers on file will avail the plaintiff nothing. But the plaintiff’s argument is all-embracing that the court, though it may allow amendment, can never expunge, to any extent, under any conditions. We do not agree, and, if we did, there would remain the question whether any prejudice resulted in this case. None is pointed out. The second answer controls the first and the creditor has no vested rights in an error.
This action is against the beneficiary as an individual. The right to a cash surrender, upon premium default, is given to “the owner hereof” upon surrender of the policy, cf. Chalawski v. John Hancock &c. Co., App. Div. 385595 (49- ). The sworn statement of the trustee is that the policy was not surrendered, and the owner’s right to an option was not exercised. Therefore, the policy was continued, under its terms, as paid up non-participating insurance for a reduced amount, which the trustee,, both in *403 its amended return and in its further sworn statement filed March 22, 1937, (cf. Gen. Laws. Ch. 246, §14) says is $21.
Report dismissed.