**RIMOLDI SPORTSWEAR, INC.**

**v.**

**JAMES DEVLIN d/b/a TEEN-SEEN**
and
**PETERS FABRICS INC., d/b/a**
**PETERS COMPANY**

Argued: Oct. 13, 1972 - Decided: Oct. 26, 1972

*Present:* Adlow, C.J., Gillen, Foster, JJ.

Case tried to *Gorassi, Spec. J.*

**Adlow, C.J.** Action of contract for goods sold and delivered by Rimoldi Sportswear, Inc. to James Devlin, doing business as Teen-Seen Company. The action was commenced by trustee process, in which Jordan Marsh, Inc. was named as Trustee. After the trustee answered funds in the amount of $3,000.00, Peters Fabrics, Inc., doing business as Peters Company, filed a Motion to Intervene pursuant to G.L. c. 246, § 33. The court found for the plaintiff in the amount of $2,246.65 and ordered the trustee be charged on its answer.

**At the hearing on the Intervenor's petition there was evidence that** the trustee was served on October 21, 1971; that after October 21, 1971, the trustee requested a copy of the written assignment; that on October 29, 1971, the assignee by its counsel, sent a copy of the written assignment to the trustee. It further appeared that in its dealings with Devlin, Jordan Marsh, Inc. received invoices from Devlin for

merchandise sold to it, which invoices were paid on August 3, 1971; August 5, 1971; August 24, 1971; August 28, 1971; and September 9, 1971. These invoices were all stamped at the bottom "Make checks payable to Peters Company, P.O. Box F 59, Revere". These checks were all made payable to the defendant Devlin.

Two invoices were mailed to Jordan Marsh, Inc. after October 29, 1971 which were similarly stamped at bottom "Make checks payable to Peters Company, P.O. Box F 59, Revere". These invoices were paid by checks jointly payable to James Devlin, d/b/a Teen-Seen, and Peters Fabrics Inc., d/b/a Peters Company, on November 9, 1971 and December 21, 1971. It was conceded that the proceeds of all the checks, whether issued before the commencement of this action or after, reached the assignee Peters Company.

While the court ruled that at the beginning the defendant assigned the account due it from the trustee Jordan Marsh, Inc., the court found further on the facts that

"the acceptance of the payments made to the defendant (Devlin) and the acceptance of the payments made to the defendant Devlin and his assignee, constituted a waiver and abandonment of the assignment as it related to the trustee, Jordan Marsh, Inc."

In considering the propriety of the court's disposition we must keep in mind that the trustee in its dealings paid each of the invoices

sent to it. So far as the invoices sent to it directed that the checks be made payable to Peters Company, the failure of the trustee to follow directions caused no loss to the trustee or to Peters Company in view of the joint action of Devlin and Peters Company. In effect, all of the invoices calling upon the trustee for payment were paid and the proceeds reached Peters Company. As for the trustee, nothing in this report alleges or intimates that the trustee is indebted to Devlin for any money whatever at this time.

Whether the court was warranted in disregarding the written assignment finds ample support in certain glaring inconsistencies in the assignment. The document signed by Devlin is dated August 1, 1971; the notarization by Michael L. Pappas is dated November 2, 1971; and the record recites that the copy of the assignment was delivered to the counsel for the trustee on October 29, 1971. The inconsistencies cast a shadow on the entire assignment.

There is a further consideration. This assignment makes no mention of any funds in the hands of any debtor of Devlin. There is no evidence in the report to suggest that there was any interest to assign in Devlin on August 1, 1971. *Carigne* v. *Sidebottom,* 3 Met. 297. *Mulhall* v. *Quinn,* 1 Gray 105.

We have heretofore considered the action of the court on the basis of its denial of validity to the instrument of assignment on which the

Intervenor relies. However, there is one other factor which is fatal to the Intervenor's claim. Even if the instrument evidencing the assignment were valid, it is inoperative unless there was compliance with the provision of the Commercial Code requiring filing.

Under the provisions of G.L. c. 106, § 9-302 (e) of the Commercial Code it is provided that

(1) "A financial statement must be filed to perfect all security interest except the following:

(e) An assignment of accounts or contract rights which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of the assignor."

An examination of the assignment given in evidence, the document on which the Intervenor relies, provides that the assignor "sells, assigns, and transfers all of his accounts receivable, past, present, and future to Peters Company." This clearly ignores the provisions of Chapt. 106, § 9-302 (e) which excepts only from the requirement for filing the assignment of a minor or insignificant part of the outstanding accounts or contract rights of the assignor. The assignment received by Peters Company from Devlin conveyed all the claims owned by Devlin. By the provisions of G.L. c. 106, § 9-401 (1), the proper place to file an order to perfect a security interest is as follows:

(c) in all other cases, in the office of the state

secretary and in addition, if the debtor has a place of business in only one town of this state, also in the office of city clerk of such town . . .''.

This record reveals no such recording with the Secretary of State or with the Town Clerk. In the absence of such recording the attachment of the fund in the hands of Jordan Marsh, Inc. made under trustee process has a priority over the claim of Peters Company.

There was ample evidence to warrant the rulings and findings of the court. **Report dismissed.**

MICHAEL CARCHIA, JR. of Belmont
for the Plaintiff
MICHAEL L. PAPPAS
for the Claimant Peters Fabrics, Inc.