(36 Misc. Rep. 715.)

## KIRDAHI v. BASHA et al.

(Supreme Court, Special Term, New York County.   January, 1902.)

EQUITY—JURISDICTION—RESTRAINING CONVEYANCE IN ANOTHER STATE.

After recovery of a judgment, the judgment debtor, without consideration, mortgaged his land in another state to a third party to prevent a satisfaction of his judgment in an action by such creditor in the state in which the land was situated.   The judgment creditor thereafter brought an action in the state in which the judgment was obtained to declare such conveyance fraudulent, on personal service on the debtor and his grantee, and to compel the satisfaction of the judgment and restrain the debtor from incumbering his land pending the action in such other state.   *Held*, that equity had jurisdiction of the action.

Action by Elias Kirdahi against Najeeb T. Basha and others for an injunction pendente lite by plaintiff, a judgment creditor of one of the defendants restraining such defendant from incumbering certain lands conveyed to him pending an action in another state to obtain satisfaction of his judgment out of the lands.   Injunction granted.

Stern & Stern, for plaintiff.
Adolphus D. Pape, for defendants.

SCOTT, J.   The plaintiff on October 24, 1901, obtained a judgment in the city court of the city of New York against the defendant Abraham Bechewati.   Upon the examination of the judgment debtor in supplementary proceedings, it appeared that said debtor had no property, real or personal, in the state of New York, but that he was the owner of real estate in the state of New Jersey.   On November 8th, after the recovery of the judgment, Bechewati mortgaged the premises to the defendant Basha.   It is claimed by plaintiff that this mortgage was fraudulent and void, and given, without consideration, for the sole purpose of frustrating plaintiff's attempts to obtain, by action in the New Jersey courts, satisfaction of his judgment out of the land in that state.   This action is brought in equity to obtain a judgment declaring the mortgage fraudulent and void, compelling the defendant Basha to execute and deliver a satisfaction of it, and restraining the judgment debtor from alienating or incumbering the property pending the action in the New Jersey courts.   The present motion is for an injunction pendente lite restraining both defendants from transferring, assigning, or conveying the mortgage or the land, or any interest in either, until the final judgment.   While it is, of course, impossible to foresee what judgment the facts, as disclosed on the trial, may justify, it appears probable, from the affidavits read upon the motion, that the plaintiff will be able to show that the mortgage to Basha was made without consideration, and for the purpose of defeating plaintiff's ultimate recovery under his judgment. If this was the purpose of the defendants, they can easily, unless enjoined, carry out that purpose most effectually by assigning the mortgage and selling the land to innocent purchasers.   The motion is, however, resisted on the ground that, because the land is in another state, this court has no jurisdiction to entertain this action and afford

the plaintiff relief.   The defendants are in this state, and have been
served with process.   It is a fundamental principle of equity that it
acts in personam, and not in rem;  and from very early times, both in
England and in this country, it has, upon occasion, decreed specific
performance of contracts respecting land in foreign states and coun-
tries, and restrained the alienation of such lands.   This jurisdiction,
although not there first asserted, was firmly established in the well-
known case of Penn v. Lord Baltimore, 1 Ves. Sr. 444.   In this state
it has been frequently recognized.   In Bailey v. Ryder, 10 N. Y. 363,
specific performance was decreed respecting lands in Indiana; and
in Gardner v. Ogden, 22 N. Y. 327, 78 Am. Dec. 192, a similar judg-
ment was affirmed respecting lands in Illinois.   It is true that no de-
cree the court may make can operate directly upon the lands them·
selves, but it can be rendered effective against the defendants who
are within the reach of the court.   So far as concerns the mortgage,
the plaintiff does not seek a decree which will avoid it ipso facto, as
such a decree might do if the mortgage were recorded in this state,
but a decree compelling the mortgagee to execute and deliver a
release or satisfaction piece, whereby satisfaction of record can be
obtained in New Jersey.   Jurisdiction to make the order applied for
is, I think, unquestionable, and the facts, in my opinion, warrant it.

Motion granted, with $10 costs.