**UNITED STATES of America,**
**Plaintiff,**

v.

**Leon I. ROSS, Ross and Company, Limited, Central Trading, Inc.,**
**Defendants,**

United States District Court
S. D. New York.
July 28, 1961.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, for plaintiff; Robert J. Ward, Asst. U. S. Atty., New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant Leon I. Ross; C. W. Wickersham, Jr., New York City, of counsel.

DIMOCK, District Judge.

This is a motion for an injunction pendente lite and for the appointment of a receiver. The action is one brought pursuant to section 7403 of the Internal Revenue Code of 1954 which provides for actions to enforce internal revenue tax liens or to subject property to payment of the tax. Defendant Leon I. Ross is alleged to be liable for the payment of income taxes in the amount of $2,224,-675.85 for which jeopardy assessments have been made. It is alleged that defendant Ross has recently transferred assets controlled by him valued at over $600,000 from the Southern District of New York to Canada and that the bulk of these recent transfers were made after Ross became aware that the Internal Revenue Service was investigating his affairs.

The other two defendants in the action, Ross and Company, Limited, and Central Trading, Inc., are corporations alleged to be controlled by defendant Ross. Ross and Company, Limited is incorporated under the laws of the Bahamas and Central Trading, Inc. is incorporated under the laws of Liberia. Defendant Ross alleges that the certificates of stock of these corporations are at present located at Nassau in the Bahamas.

The temporary restraining order has restrained all three defendants from selling, transferring, pledging, encumbering or in any way removing from their present locations any and all of their property

wheresoever situated. The two corporate defendants have never been served.

Section 7403(d) of the Internal Revenue Code of 1954, on which the Government relies, reads as follows:

"§ 7403. Action to enforce lien or to subject property to payment of tax. * * *

"(d) Receivership.—In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary or his delegate during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity."

■ Taking up first the prayer for an injunction pendente lite, I cannot find that any case has been made out for enjoining action by the two corporate defendants. Their identity with the individual defendant has not been so clearly proved as to warrant enjoining them without service upon them.

■ The acts of the individual defendant, however, in transferring a large amount of property of which he was in control from this district to Canada, gives sufficient basis for an injunction against him and there is no reason why the injunction should not cover his dealings with his assets wherever located.

The Government expects to accomplish very much more, however, by means of the appointment of a receiver. What the Government visualizes is a receiver of defendant's assets wherever located and the delivery to the receiver of the stock certificates and books and records of the corporations and then control of the corporations by the receiver through stock ownership.

■ I cannot pretend to the power to affect property located in the Bahamas by judicial fiat. If a receiver to be appointed is to be vested with title to property in the Bahamas it must be by virtue of an assignment by the individual defendant.

With respect, however, to the property of the individual defendant within the United States, see section 754 of title 28 U.S.Code, a case has been made out for the appointment of a receiver. The delegate of the Secretary of the Treasury has issued a certification that the appointment of a receiver is in the public interest as required by section 7403(d).

The next question presented is whether I ought to direct the individual defendant to deliver to the receiver, properly endorsed, the certificates of stock now located in the Bahamas.

I have no doubt of my power to do so. There is a perfect analogy between an action such as this and the familiar judgment creditor's action to reach assets which are not subject to levy of execution. Here the jeopardy assessment which has the effect of permitting seizure of the taxpayer's property and of subjecting it to a lien takes the place of a judgment which is the foundation of a judgment creditor's action. There are many cases where as an incident to a judgment creditor's action the defendant has been required to convey to a representative of the court property outside of the court's jurisdiction. Ager v. Murray, 105 U.S. 126, 26 L.Ed. 942; Tomlinson & Webster Mfg. Co. v. Shatto, C.C.D. Minn., 34 F. 380; Pouliot v. West India Fruit Co., 283 Mass. 182, 186 N.E. 52; Bailey v. Ryder, 10 N.Y. 363; Fenner v. Sanborn, N.Y.Sup.Ct., 37 Barb. 610; Annotation, Subjecting Land in Another State to Debt, 144 A.L.R. 646; 1 Clark on Receivers § 294.9 (3rd ed. 1959); see Booth v. Clark, 17 How. 321, 339; Wilmer v. Atlanta & R. Airline R. Co., C.C.N.D. Ga., Fed.Cas.No.17,775; Kirdahi v. Basha, Sup.Ct.N.Y.Sp.T., 36 Misc. 715, 74 N.Y.S. 383; LeRoy v. Rogers, N.Y.Chancery Ct., 3 Paige 233; see also, 6 Collier on Bankruptcy par. 3.05 at footnote 17 (14th ed.); 1 id. par. 7.06.

■■ Whether I ought to pursue that course in this case is another matter. Only for the most compelling reasons should a court refuse relief to the Government where a citizen of the United

States keeps most of his assets in a foreign country and claims that they are immune from application to his income tax liability because of their situs in a foreign country. It is said, on behalf of defendant, that one state will not enforce the tax laws of another state or a foreign nation. For this defendant cites the cases of Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673; Matter of Matthews' Trust, Sup.Ct.N.Y.Co., 21 Misc.2d 356, 191 N.Y.S.2d 994; Government of India v. Taylor [1955] A.C. 491, and Holman v. Johnson, 1 Cowp. 341, 343. I doubt whether this principle would be pushed so far that, if defendant, under compulsion of an order of this court, transferred title to the shares to a receiver appointed by this court and the receiver sold them in order to raise money to pay the taxes, the court in the Bahamas would refuse to recognize the title of the purchaser. I further doubt that the courts of the Bahamas would refuse to recognize directors elected by the receiver as a stockholder. I hold that a receiver appointed by this court is entitled to directions of this court that defendant transfer and convey to him defendant's property in foreign countries and that the receiver, when vested with title to such property as a result of such transfer, is entitled to exercise all of the incidents of ownership.

It Is Hereby Ordered that defendant Leon I. Ross, his agents, servants, employees, officers, attorneys and all persons in active concert and participation with him, be and they hereby are restrained from selling, transferring, pledging, encumbering or in any way removing from their present locations any and all property of said defendant Leon I. Ross, wheresoever situated, pending the hearing and determination of this action, and

It Is Further Ordered that George Zeidenstein, Esq., of 63 Wall Street, New York, be and he hereby is appointed receiver of the property of defendant Leon I. Ross within the United States, with all the powers of a receiver in equity, upon his giving bond in the sum of $10,000, and

It Is Further Ordered that defendant Leon I. Ross be and he hereby is directed to assign, transfer and deliver to said receiver any and all shares of stock in Ross and Company, Limited, a corporation of the Bahamas, and Central Trading, Inc., a corporation of Liberia, standing in his name or in his possession or ownership, wherever the same may be located, without prejudice to such further directions as may be shown to be appropriate.

The foregoing opinion and order embody findings of fact and conclusions of law.