UNITED STATES, Plaintiff-Appellee,

v.

Leon I. ROSS, Defendant-Appellant,

and

Ross & Company, Limited, and Central Trading, Inc., Defendants.

No. 266, Docket 27315.

United States Court of Appeals Second Circuit.

Argued March 27, 1962.

Decided May 3, 1962.

**832**

Robert Arum, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, John Hanna, Jr., Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Cornelius W. Wickersham, Jr., New York City (Cleary, Gottlieb & Steen, New York City, Arthur Elfenbein, New York City, on the brief), for defendant-appellant Ross.

Before MEDINA, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This is an action brought by the United States under 26 U.S.C. § 7403 (1958) [1]

<hr />

1. "§ 7403. Action to enforce lien or to subject property to payment of tax

"(a) Filing.

"In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

"(b) Parties.

"All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

"(c) Adjudication and decree.

"The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved there-

to subject property of the defendant Ross to the payment of jeopardy assessments for unpaid income taxes. The corporations named as defendants have not been served with process and have not appeared in the action.

Ross appeals under 28 U.S.C. § 1292(a) (1958) from interlocutory orders (1) restraining Ross and those acting under him from transferring any of Ross's property, (2) appointing a receiver, (3) directing Ross to transfer to the receiver shares held by Ross in Ross and Company, Limited, and Central Trading, Inc. and (4) restraining Ross and those acting under him from dealing with or transferring any property of the two corporations.

Ross is a resident of Nassau, Bahamas, though a citizen of the United States. He is the principal stockholder of Ross and Company, Limited, which is a corporation organized under the law of the Bahamas, and the principal officer of Central Trading, Inc., a Liberian corporation, the stock of which is owned by Ross and Company, Limited.

An investigation by the Internal Revenue Service led to the conclusion that Ross had failed to report certain income for the years 1956 through 1959 and that there were unpaid income taxes for those years totalling more than $1,500,000. Upon receiving information that Ross had transferred from New York to Canada assets under his control which were valued at more than $600,000, the Commissioner made jeopardy assessments against Ross pursuant to 26 U.S.C. § 6861. The Commissioner thereupon brought the action in connection with which the orders now under consideration were issued.

Appellant contends

1) that in appointing a receiver the District Court abused its discretion;

2) that in directing Ross to turn over his stock, located in the Bahamas, to the receiver, the District Court exceeded its statutory authority and invaded the jurisdiction of the United Kingdom;

3) that the order restraining any dealing in property of the corporations is a "futile" attempt to assert jurisdiction over persons and assets outside the United States; and

4) that the order to Ross to turn over his stock in the two corporations violates his right against self-incrimination under the Fifth Amendment.

■■ The appointment of a receiver was not an abuse of discretion. It was not appropriate for the District Court, nor is it appropriate for us, to determine in this preliminary proceeding whether a tax deficiency existed and the amount of that deficiency. The probable existence of a substantial tax liability is established by the Commissioner's action and by the facts on which he acted, to wit, the failure of appellant to file income tax returns for the years 1956 and 1957 and the failure to pay income taxes for the years 1956, 1957, 1958 and 1959. See Int.Rev.Code of 1954, §§ 551(a) and 552(a) (1), 26 U.S.C.A. §§ 551(a), 552 (a) (1). That the collection of the deficiency is in jeopardy is apparent from the allegation, which stands undenied, that appellant has transferred a large amount of valuable assets out of the jurisdiction. These factors are sufficient to justify the appointment of a receiver. United States v. O'Connor, 291 F.2d 520, 525 (2d Cir. 1961); United States v.

---

in and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"(d) Receivership.

"In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary or his delegate during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity."

Peelle Co., 224 F.2d 667 (2d Cir. 1955), affirming 131 F.Supp. 341 (E.D.N.Y. 1955); Florida v. United States, 285 F.2d 596, 602 (8th Cir. 1960).

■ The District Court's order to Ross to turn over his stock certificates to the receiver was not in excess of the court's statutory authorization. The court had personal jurisdiction over Ross, acquired by personal service of summons on his authorized agent. Personal jurisdiction gave the court power to order Ross to transfer property whether that property was within or without the limits of the court's territorial jurisdiction. See New Jersey v. City of New York, 283 U.S. 473, 482, 51 S.Ct. 519, 75 L.Ed. 1176 (1931); Massie v. Watts, 6 Cranch 148, 10 U.S. 148, 3 L.Ed. 181 (1810); Marshall v. Turnbull, 32 F. 124, 125 (C.C. E.D.N.Y.1887); S. E. C. v. Minas De Artemisa, S.A., 150 F.2d 215 (9th Cir. 1945); Restatement, Conflicts, §§ 94, 97 and Comment a (1934) (Tent.Draft No. 4 1957).

■ The action of the District Court in ordering appellant over whom it had jurisdiction to do an act in a foreign country does not *per se* involve any invasion of the sovereignty of that country. See authorities cited supra. Of course no court should order the performance of an act in a foreign country when that act will violate the foreign country's laws. In re The Chase Manhattan Bank, 297 F.2d 611 (2d Cir. 1962). The only foreign law cited by appellant is the Bahamian foreign exchange regulations which, he says, require the consent of the Controller of Exchange for the transfer of securities to persons outside the sterling area. Although there is no reason to believe that such consent would not be forthcoming on request, it seems to us wiser to provide against any possibility that any action ordered by our courts will violate foreign law. We will, therefore, modify the order to require that Ross apply for the required consent before transferring the stock certificates. See S. E. C. v. Minas De Artemisa, S.A., supra, 150 F.2d at 218.

Appellant urges that the orders of the court are *brutum fulmen* because Ross is a resident of the Bahamas against whom enforcement powers are not available. One is tempted to inquire why, if the orders are ineffectual, the appellant is making such strenuous efforts to get them reversed. But in any event the argument that an order is an abuse of discretion because the party to whom the order is directed may refuse to obey it, is quite unappealing.

■ What we have just said with respect to Ross is equally applicable to appellant's argument as to the futility of the order restraining Ross and those in privity with him from dealing in Ross's property and the property of the two corporations. The injunction against Ross is binding upon his "officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with [him] who receive actual notice of the order by personal service or otherwise." Federal Rules of Civil Procedure, Rule 65(d), 28 U.S.C.A. It it not necessary at this time to determine the exact effect of the order on persons (other than Ross) who are outside the territorial jurisdiction of the court. The order is effective to restrain Ross himself from acting in concert with others to frustrate the court's powers by transferring corporate property.

■ We come finally to appellant's contention that the order to turn over the stock certificates to the receiver deprives him of his right against self-incrimination under the Fifth Amendment. The surrender of the stock certificates, the appellant urges, would give the receiver dominion over the books and papers of the two corporations and thus "destroy the privilege" against self-incrimination. We need not now decide whether the appellant can claim the privilege with respect to books and papers of the corporations, which are concededly foreign corporations not doing business in the United States. (See Application of Daniels, 140 F.Supp. 322 (S.D.N.Y.1956).) However, in order to insure that, should

the occasion arise, appellant will have, at the relevant time, an opportunity to claim his privilege, we will modify the order to provide that the receiver shall not take possession of the books and papers of the corporations without first having made further application to the District Court on notice to the appellant.

The order directing Ross to transfer the corporate stock to the receiver, dated July 28, 1961, is amended by adding the following language:

Before turning over to the receiver the stock certificates of the two corporations, defendant Ross shall apply for such official consent to such transfer as may be required.

Before taking possession of any of the books and papers of said corporations the receiver shall apply to the District Court, on notice to the appellant, for leave to do so.

As modified the orders are affirmed.