**UNITED STATES of America,**
**Plaintiff,**
v.
**OMAR, S.A., a Uruguayan Corporation, Lazard Freres & Co., Lehman Brothers, Belgian-American Banking Corp., Belgian-American Bank & Trust Co., First National City Bank of New York and First National City Trust Co., Defendants.**

United States District Court
S. D. New York.
Nov. 14, 1962.

**774**

Vincent L. Broderick, U. S. Atty. Southern District of New York, Morton L. Ginsberg, Asst. U. S. Atty., of counsel, for plaintiff.

Sullivan & Cromwell, New York City, for Belgian-American Banking Corp. and Belgian-American Bank & Trust Co.

Shearman & Sterling, New York City, Henry Harfield, New York City, of counsel, for First Nat. City Bank and First Nat. City Trust Co.

DAWSON, District Judge.

This is a motion for a preliminary injunction to restrain the defendants Lazard Freres & Co., Lehman Brothers, Belgian-American Banking Corp., Belgian-American Bank & Trust Co., First National City Bank of New York and First National City Trust Co. from selling, transferring, pledging, encumbering, disposing of or distributing any property or rights to property of defendant taxpayer Omar, S.A. A temporary restraining order was issued against the defendants on October 31, 1962, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

It appears from the complaint and affidavits in support of the motion that a corporate income tax deficiency totaling $19,269,156.87 has been assessed against the defendant Omar, a Uruguayan corporation. It further appears that this assessment is secured by a federal tax lien upon all property and rights to property of the defendant taxpayer.

The plaintiff claims that the principal assets of the defendant corporation consist of sums, credits, stocks and bonds which are now held by the defendant banks and brokerage houses, or by their agents, branches, or nominees both within and without the United States. The plaintiff claims that disposition of the aforementioned assets might make its lawful rights therein unenforceable and that it would be irreparably injured by removal of any such assets outside the power of the court.

The affidavits of the plaintiff show an intent to liquidate, and in fact, substantial liquidations of the defendant Omar's accounts within the United States and transfer of the proceeds outside of the territorial jurisdiction have occurred. It therefore appears that there is a clear and present danger that plaintiff may be unable to recover upon defendant Omar's tax liability.

■ Section 7402(a) [26 U.S.C. § 7402] of the Internal Revenue Code, pursuant to which the Government's claim is brought, provides that the court shall issue such writs and orders as are appropriate to enforce the internal revenue laws. The court has the power, under Rule 65 of the Federal Rules of Civil Procedure, to grant a preliminary injunction and such power is discretionary. American Visuals Corp. v. Holland, 219 F.2d 223, 224 (2d Cir., 1955), and cases cited therein.

■ The court is given the equitable power to issue a preliminary injunction

so as to prevent irreparable injury pending the determination of an action. Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S. Ct. 256, 73 L.Ed. 972 (1928). In the instant case if the United States is successful in establishing defendant Omar's tax liability it will be needlessly injured if recovery is prevented by further removal of defendant's assets from the jurisdiction of the court. Such injury clearly authorizes the court to exercise its equitable power. United States v. Ross, 302 F.2d 831 (2d Cir., 1962).

▮▮ The defendant First National City Bank does not oppose the application of the injunction domestically, but argues that it should not be made applicable to its foreign branches. The crux of defendant's arguments is that the court has no power over property held or payable in branch banks outside the United States. This argument, though possibly well founded, is not entirely to the point, since an injunction does not operate *in rem*. While it is true that the court may have no effective power over persons outside its jurisdiction, there is no problem where the persons to be enjoined are within its jurisdiction. Here the court has personal jurisdiction over the officers of the bank within the United States, and its power against them may be effectively exercised.

▮ It is well established that once the court has obtained personal jurisdiction over a party it may compel performance of acts with respect to property located within or without its jurisdiction. United States v. Ross, 302 F.2d 831 (2d Cir., 1962); First National City Bank of N. Y. v. Internal Revenue Service, 271 F.2d 616 (2d Cir., 1959), cert. denied, 361 U.S. 948, 80 S.Ct. 402, 4 L.Ed.2d 381 (1960).

In the First National Bank case, supra, the question of the applicability of process against the foreign branches of a national bank against which such process was issued was clearly decided. In that case the Court of Appeals held that a national bank was required to produce records of its Panamanian branch pursuant to a summons served upon its home office.

▮▮ The court should not act so as to violate laws of friendly foreign countries. Ings v. Ferguson, 282 F.2d 149, 152 (2d Cir., 1950). Where it is shown that compliance with the court order would violate foreign law, then such order should be modified. Application of Chase Manhattan Bank, 297 F.2d 611 (2d Cir., 1962). In the instant case it is indicated by one defendant that there may be a violation of foreign law if the assets of foreign branches are frozen, but no proof of any such law has been presented. It is proper therefore to permit the injunction to issue, and if it can be shown that compliance would violate local law the injunction may then be modified.

▮ Although the defendants did not argue the control issue, this was the main brunt of plaintiff's memorandum. Suffice to say that if the court's order is violated and the defendants seek to escape punishment by claiming lack of authority over their foreign branches, it would be incumbent upon them to prove such defense to the satisfaction of the court.

▮ The defendants Belgian-American Banking Corp., Belgian-American Bank & Trust Co., First National City Bank of New York and First National City Trust Co. have submitted affidavits that they do not now hold any property or rights to property of defendant Omar. However, with the apparent exception of the First National City Trust Co. and Belgian-American Bank & Trust Co. all have had some connection with the transfer of defendant's property and there is no showing that their branches or agents do not at present hold any of defendant's assets. There is, therefore, sufficient reason to enjoin all the defendants except First National City Trust Co. and Belgian-American Bank & Trust Co.

During the oral argument on the motion the defendant Lehman Brothers raised the question of whether the accounts affected by the order could be indicated with particularity. It would

seem the proposed order directed at the property of Omar, S.A. is of sufficient particularity on its face.

Submit injunction in accordance with this decision.