FIRST LOUISIANA INVESTMENT COR-
PORATION, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21651.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1965.

Rehearing Denied Nov. 5, 1965.

James D. Sparks, Robert C. Cudd, III, Thompson, Thompson & Sparks, Monroe, La., for appellant.

Morton Hollander, John C. Eldridge, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., for appellee.

Before WHITAKER,* RIVES and JONES, Circuit Judges.

JONES, Circuit Judge:

The appellant, First Louisiana Investment Corporation, is a Louisiana corporation. Its president and principal stockholder is Louis M. Ray. He established its policies and controlled its activities. It was organized for and was licensed by the Small Business Administration (herein called SBA) as a small business investment company under the Small Business Investment Act, 15 U.S.C.A. § 661 et seq. (herein referred to as the Act). Before it was licensed its articles of incorporation were approved by SBA as required by the Act. 15 U.S.C.A. § 681(b). The Act provides that a small business investment company shall have a minimum capitalization of $300,000, of which half may be obtained from SBA upon the company's debenture. 15 U.S. C.A. § 682(a). The appellant issued a debenture to SBA for $150,000, obtained a like amount of capital elsewhere and was in business. Later, the appellant issued another debenture to SBA, this one for $100,000, with other funds for an equal amount being acquired elsewhere. In addition to the advances of capital matching funds for debentures, SBA made a loan to the appellant of $150,000 and another of $50,000. These loans were evidenced by promissory notes. Both debentures and notes provided for periodic interest payments and contained clauses stipulating that upon default in the payment of interest the unpaid principal and accrued interest would become payable.

SBA is an agency of the United States. 15 U.S.C.A. § 633. The United States brought suit against the appellant and its president, Louis M. Ray, alleging in its complaint that interest became delinquent upon the appellant's obligations, that SBA demanded payment of principal and interest, and that payment was not made. In the complaint and a supporting affidavit it was stated that certain funds had not been disbursed as required by the Act and, instead of having been loaned to United Construction Co., as had been falsely represented to SBA, the funds had been diverted to the benefit of Ray. The complaint contained a prayer for a money judgment and for injunctive relief and the appointment of a receiver. After a hearing, the district court entered an order. The court found that the appellant was apparently insolvent. A

---

* Senior Judge of the Court of Claims, sitting by designation.

preliminary injunction was issued and a receiver pendente lite was appointed. The order enjoined the appellant, its officers, agents, and others from handling or diverting any of its assets, from making investments, from paying out money and from conducting business. The receiver was directed to manage and conduct appellant's business, to take possession of its books and records, to preserve assets, and to pursue claims. The cause is before us on appeal from this order.

■ The appellant urges that no injunction should have been issued because it had not been shown that appellant had engaged in any prohibited acts or practices violative of the Act or of any rule, regulation or order of SBA. The Act was passed for the purpose of making loans available to those engaged in comparatively small enterprises who cannot obtain adequate borrowed funds through customary financial institutions. To make this objective operative, the Congress provided for the Small Business Investment Companies to channel Federal funds into the hands of those for whose primary benefit the Act was passed. In qualifying under the Act and obtaining a license as provided in the Act, the appellant submitted itself to all of the terms and conditions prescribed by it, including the section relating to injunctions and receivers.[1] Under the statute relief may be granted which would otherwise be improper. The appellant was authorized to provide equity capital to small business concerns. It was without authority to falsify records and divert its funds to its president. The affidavit annexed to the complaint clearly shows a violation. The record does not show any denial of the facts set forth in the affidavit. Where, as here, the district court has held a hearing where an opportunity was afforded the defendant to submit evidence, it is not error for the court, in the exercise of its discretion, to grant a preliminary injunction upon a showing made by affidavit. The testimony before the court indicates the probability that other violations occurred. Since the showing made by the affidavit is sufficient we do not need to consider the other matters. It might very well be said, should there be any occasion for so saying, that if the appointment of a receiver was proper the need for the injunction disappears except as ancillary to and in aid of the receivership.

■ As to the appointment of a receiver, the appellant urges that SBA is an unsecured creditor and hence is not entitled to have a receiver appointed. It also contends that it has not been shown that the appellant is insolvent and in the absence of such a showing the appointment of a receiver is improper. The appointment of a receiver, like the granting of a preliminary injunction is, in no small measure, a discretionary matter. The appellant would have us test the exercise of the court's discretion in

1. (a) Whenever, in the judgment of the Administration, a licensee or any other person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of this chapter, or of any rule or regulation under this chapter, or of any order issued under this chapter, the Administration may make application to the proper district court of the United States or a United States court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions and, upon a showing by the Administration that such licensee or other person has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction restraining order, or other order shall be granted without bond. The proceedings in such a case shall be made a preferred cause and shall be expedited in every way.

(b) In any such proceeding the court as a court of equity may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and the assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed. 15 U.S.C.A. § 687c.

the appointment of a receiver for it by conventional standards. The appellant would have us hold that the statutory provision for a receivership, 15 U.S.C.A. § 687c(b), supra, is only a jurisdictional provision and does not affect the usual requirements for invoking this extraordinary remedy. We do not so read the statute. It is our opinion that where a licensee has engaged in violations of the Act or of rules, regulations or orders issued pursuant to the Act, the court has the power, under the statute, to appoint a receiver as well as to grant injunctive relief. Los Angeles Trust Deed & Mortgage Exchange v. Securities & Exchange Commission, 9th Cir. 1960, 285 F.2d 162; United States v. Peelle Co., 2nd Cir. 1955, 224 F.2d 667.

We find no error in the granting of the preliminary injunction or in the appointment of a receiver. The judgment of the district court is

Affirmed.