**UNITED STATES of America, Plaintiff,**

v.

**Franklin L. McNULTY, Defendant.**

**No. C–75–575 AJZ.**

United States District Court,
N. D. California.

Feb. 8, 1978.

See also, 9 Cir., 528 F.2d 1223.

G. William Hunter, U. S. Atty., Richard J. Sideman, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Franklin L. McNulty, pro se.

## MEMORANDUM OPINION AND ORDER

ZIRPOLI, District Judge.

On or about March 24, 1973, the defendant, Franklin L. McNulty, won the Irish Hospitals Sweepstakes. He collected 50,000 Irish pounds, or $128,410 at the prevailing rate of exchange. Defendant soon learned, however, that he had a silent partner which would claim its share of the prize. That partner was the Internal Revenue Service, whose interest defendant sought to defeat by collecting his winnings in Ireland and depositing them in a secret bank account on the Island of Jersey, which is located between the United Kingdom and France.

In a narrow sense, defendant has been successful in his efforts to avoid sharing his winnings with the government, for the money apparently remains on the Island of Jersey. Defendant himself, however, having been convicted of income tax evasion, remains in federal prison. On January 23, 1978, moreover, the government prevailed in a civil action for collection of taxes, and defendant was found liable in the amount of $67,791, representing taxes, penalty and interest. The government, though successful in its action, is unlikely to collect its money unless defendant transfers his assets from the Island of Jersey, for he has no other known funds with which to satisfy the judgment.

The government has therefore moved for an order directing defendant to repatriate his assets from the Island of Jersey and deposit them with the clerk of the court. Although no memorandum of points and authorities was submitted with the motion, the Assistant United States Attorney indicated in court that 26 U.S.C. section 7402 provides the authority for the issuance of such an order:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica,* orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be neces-

sary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws. Section 7402(a).

While this court has found no case specifically invoking that section of the Internal Revenue Code for the type of order sought herein, it is relatively well established that this court may issue such an order. In *United States v. Ross,* 302 F.2d 831 (2d Cir. 1962), an action had been brought to subject defendant's property to jeopardy assessments for unpaid income taxes. The district court had issued a series of interlocutory orders, one of which directed defendant to surrender to a receiver stock located in the Bahamas. Defendant contended that such an order was in excess of the court's jurisdiction, but the court of appeals disagreed:

> The District Court's order to Ross to turn over his stock certificates to the receiver was not in excess of the court's statutory authorization. The court had personal jurisdiction over Ross, acquired by personal service of summons on his authorized agent. Personal jurisdiction gave the court power to order Ross to transfer property whether that property was within or without the limits of the court's territorial jurisdiction. *Ross, supra,* 302 F.2d at 834.

More recently, the Seventh Circuit, in a decision quashing a writ of *ne exeat republica,* indicated by way of dictum that an order to repatriate assets might be appropriate:

> Here there is no evidence that the taxpayer is in the process of transferring assets abroad, or that he will take any property with him if he is permitted to depart. The transfers identified in the record took place prior to the jeopardy assessments. The Government's theory is that taxpayer's presence is required to enable the court effectively to enforce an order requiring him to repatriate assets now located in Europe. The record does not contain any motion by the Government seeking such relief. We assume that the district court would have the power to enter an order of that kind on the basis of an appropriate showing. [citing *Ross, supra.*] *United States v. Shaheen,* 445 F.2d 6, 11 (7th Cir. 1971).

In *United States v. First National City Bank,* 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965), the Commissioner of Internal Revenue had made jeopardy assessments of some $19 million against a Uruguayan corporation. Although the district court lacked personal jurisdiction over the corporation, it did have jurisdiction over the bank in whose Montevideo branch the corporation maintained a deposit. The court issued an injunction under 26 U.S.C. section 7402(a) "freezing" the corporation's account in the foreign branch of the New York bank. The Supreme Court sustained the order. Implying that once personal jurisdiction over the corporation was acquired the district court could order payment of the foreign assets, the Court observed:

> The temporary injunction issued by the District Court seems to us to be eminently appropriate to prevent further dissipation of assets. [citation omitted]. If such relief were beyond the authority of the District Court, foreign taxpayers facing jeopardy assessments might either transfer assets abroad or dissipate those in foreign accounts under control of American institutions before personal service on the foreign taxpayer could be made. . . . [T]here is here property which would be "the subject of the provisions of any final decree in the cause." [citation omitted]. We conclude that this temporary injunction is "a reasonable measure to preserve the status quo" [citation omitted] pending service of process on [the corporation] and an adjudication of the merits. *First National City Bank, supra,* 379 U.S. at 385, 85 S.Ct. at 532.

While the Ninth Circuit has not, as far as this court has been able to determine, confronted this particular question in the area of taxes, it would apparently approve such an order. In *Securities and Exchange Com-*

mission v. Minas De Artemisa, S. A., 150 F.2d 215 (9th Cir. 1945), the court ordered a corporation, which was subject to the personal jurisdiction of the court, to produce corporate books located in Mexico in connection with an SEC investigation. As was done in *First National City Bank* and *Ross,* the court observed that such an order must be framed so as not to conflict with the internal law of the foreign state in which the act was to be performed. There has been no indication, however, that the instant order will violate the banking laws of the Island of Jersey.

It is clear, then, that this court, by virtue of its jurisdiction over the defendant, has the power to order him to repatriate the assets located in the foreign bank. Moreover, there appears to be little hesitation on the part of courts to issue such orders. The view was expressed most directly by the district court in *Ross* :

> Only for the most compelling reasons should a court refuse relief to the Government where a citizen of the United States keeps most of his assets in a foreign country and claims that they are immune from application to his income tax liability because of their situs in a foreign country. *United States v. Ross,* 196 F.Supp. 243, 245–46 (S.D.N.Y.1961), *modified,* 302 F.2d 831 (2d Cir. 1962).

Accordingly, plaintiff's motion is granted, and the defendant is ordered to repatriate assets sufficient to satisfy the judgment entered against him by this court from the Island of Jersey and to deposit said assets with the Clerk of this Court within sixty (60) days of the entry of this order. This court having ordered and granted judgment in favor of plaintiff and against defendant for the unpaid balance of income taxes, penalties, interest and costs due and owing plaintiff, plaintiff is directed to incorporate this order in the findings and judgment to be submitted to the court.